[No. A023026. First Dist., Div. Five. Jan. 7, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
LARRY LEROY SUTTON, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Parts I and IV are not published, because they do not meet the standards for publication contained in California Rules of Court, rule 976(b).

COUNSEL

Thomas W. Perley, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Linda Ludlow and Morris Lenk, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

KING, J.—Larry Leroy Sutton appeals from a judgment of conviction for two counts of rape (Pen. Code, § 261, subd. (2)), two counts of forcible oral copulation (Pen. Code, § 288a, subd. (c)), and one count of assault with a deadly weapon (Pen. Code, § 245, subd. (a)). We reverse the judgment as to various sentence enhancements and remand the cause for resentencing.

The victim, Donna M., lived with her two children, aged 12 and 6. Just before midnight on October 5, 1982, Sutton telephoned Donna and asked if he could come over and "do a little toot." Donna had known Sutton for about two and a half years, but had not seen him for a year or more. Donna gave Sutton directions to her house. When he arrived about 10 minutes later, she invited him inside and offered him a beer. They then snorted some amphetamine, brought by Sutton.

Sutton tried to kiss Donna, but she resisted. She testified that "the next thing I knew there is a knife at my throat, and he said he wanted to fuck me." Donna said, "What are you doing? No." Sutton grabbed her T-shirt,

pulled it away from her neck, and cut the shirt with his knife. He fondled and kissed her breasts, and then forced her to perform fellatio. After a few moments, Sutton ordered Donna to get on the floor and remove her pants, and he raped her, holding the knife in his left hand.

During the rape, Donna felt a sting on her right arm and saw that she had been cut. She told Sutton that her arm had been cut, and he immediately apologized, saying that he was sorry and had not intended to hurt her. He grabbed his long underwear and wrapped it around the wound, continuing to apologize. Sutton then bandaged the wound. He insisted on taking Donna to the hospital. He gave her the knife, saying he did not want it anymore, and she put it in her purse. The time was around 12:30 or 12:45 a.m.

Before leaving for the hospital, Donna telephoned a friend, Teresa S., and asked her to be available in case Donna's children needed to call her while Donna was gone. Donna then woke her 12-year-old and told her that she was going to the hospital and that Teresa would be available if needed. Sutton's demeanor by this time had changed; he was no longer hostile, but had calmed down and expressed concern about Donna's injury.

Sutton and Donna left for the hospital in Donna's car, with her driving. During the ride Sutton asked her to pull over so he could urinate. After he returned to the car he suggested that Donna drive onto a dirt road. She became frightened again and pressed her foot hard on the gas pedal in order to take off quickly. Sutton put his foot on the brake and grabbed the steering wheel. The car became stuck in some high weeds. Sutton got out to see why they were stuck. Donna rolled up the windows and locked the doors, but Sutton was able to get in through a broken wing window. As he got in, Donna's purse fell outside, and she and Sutton picked up its contents; Donna testified at trial that she did not recall seeing Sutton's knife at this time. Sutton pushed Donna over to the passenger side, got behind the wheel, drove down the dirt road, and parked at the end of it. Sutton told her the dirt road was a shortcut to the hospital.

After he stopped the car, Sutton raised Donna's blouse and began fondling and kissing her breasts again. He made her perform another act of fellatio, and then removed her pants and raped her again. Afterwards, Sutton drove her home. She got home around 2 or 2:30 a.m.

A jury found Sutton guilty of two counts of rape, two counts of forcible oral copulation, and one count of assault with a deadly weapon. At the outset of trial, Sutton had admitted a prior serious felony conviction (assault with a deadly weapon—a knife—in 1976) under Penal Code section 667 [five-year enhancement for prior serious felony] and a prior felony (second

degree burglary) under Penal Code section 667.5, subdivision (b) [one-year enhancement for prior felony].

The court sentenced Sutton to a total term of twenty-one years' imprisonment, calculated as follows: a six-year middle term for one of the forcible oral copulation counts, three additional years for use of a deadly weapon in the commission of the offense (Pen. Code, § 12022.3) a consecutive six-year middle term for the other forcible oral copulation, a five-year enhancement for the prior serious felony, and a one-year enhancement for the prior felony.[1]

I. *Failure to Comply With Discovery Order.**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

II. *Imposition of Full Consecutive Sentences.*

Sutton attacks the imposition of full consecutive sentences for the two acts of forcible oral copulation. He argues that the two acts did not occur on "separate occasions" within the meaning of Penal Code section 667.6, subdivision (d), and that the statutory language "separate occasions" is unconstitutionally vague.

A. *Occurrence on separate occasions.*

█  Penal Code section 667.6, subdivision (d), mandates imposition of full consecutive sentences for specified sex offenses "if such crimes involve separate victims or involve the same victim on *separate occasions.*" (Italics added.) The trial court in the present case determined that imposition of full consecutive sentences was mandated by Penal Code section 667.6, subdivision (d), because the offenses committed in Donna's house occurred on an occasion separate from the offenses committed in her car. Sutton argues that the passage of time (two to two and a half hours) between the commencement of the offenses in Donna's house and the completion of the offenses in her car, during which Sutton never left Donna's presence, was insufficient to support a determination that the two sets of offenses occurred on separate occasions. Sutton relies on decisions which have focused on insufficient lapses of time as showing the absence of separate occasions. (*People* v. *Smith* (1984) 155 Cal.App.3d 539, 544-545 [202 Cal.Rptr. 259]

---

[1]The court imposed concurrent six-year middle terms for the rapes and stayed a three-year middle term for assault with a deadly weapon.

*See footnote, *ante,* page 438.

[sex crimes occurring over course of two-hour crime spree]; *People* v. *Collins* (1983) 143 Cal.App.3d 742, 746 [192 Cal.Rptr. 101] [numerous offenses committed during two- to three-hour period]; *People* v. *Fleming* (1983) 140 Cal.App.3d 540, 546 [189 Cal.Rptr. 619] [offenses committed "within a few moments or even a few seconds of each other" held not to constitute separate occasions].)

The decisions relied upon by Sutton do not support his position. Those decisions happened to involve the issue of sufficient lapse of time, but the passage of time is not the only element that can delineate "separate occasions." The court in *Fleming* expressly recognized this when it stated that "some intervening *events* or passage of time must occur between sexual offenses before subdivision (d) is applicable." (*People* v. *Fleming, supra,* 140 Cal.App.3d at p. 545 [italics added].)

Regardless of whether the passage of time between the offenses committed in Donna's house and those committed in her car was alone sufficient to delineate separate occasions, the *events* occurring between the two sets of offenses clearly delineated separate occasions. Once Sutton cut Donna's arm, there was a cessation of the sexual assault element of their encounter, and an interruption of the chain of criminal events. Sutton expressed apparently genuine concern for Donna, administered first aid, and gave up his knife. While they were in the car, before the second set of assaults began, Sutton afforded Donna physical freedom, as evidenced by his leaving the car to urinate. Only after this complete change in the tenor of the encounter, as well as a change in geographic location, did Sutton appear to change his mind as to the need to obtain medical aid and choose once again to commit sex crimes. The interruption between the two sets of crimes was of a sufficient nature to delineate separate offenses within the meaning of Penal Code section 667.6, subdivision (d).

### B. *Vagueness.*

█ Sutton also argues that the term "separate occasions" in Penal Code section 667.6, subdivision (d), is unconstitutionally vague. Our Supreme Court, however, has used similar language in construing Penal Code section 12022.5, imposing a sentence enhancement for use of a firearm. (*In re Culbreth* (1976) 17 Cal.3d 330, 334-335 [130 Cal.Rptr. 719, 551 P.2d 23].) The court in *Culbreth* quoted *People* v. *Johnson* (1974) 38 Cal.App.3d 1, 12 [112 Cal.Rptr. 834], for the rule that only one enhancement under section 12022.5 is permissible where a judgment imposes sentences for several crimes committed upon a "single occasion." (*In re Culbreth, supra,* 17 Cal.3d at p. 334.) If the term "single occasion" is sufficiently specific to

give meaning to section 12022.5, then the term "separate occasions" must be sufficiently specific within the context of section 667.6, subdivision (d).[2]

III. *Assault With a Deadly Weapon as a "Serious Felony."*

██ Sutton next argues that the court erred in imposing the five-year enhancement for a prior "serious" felony conviction under Penal Code section 667 because the prior felony conviction alleged under section 667, assault with a deadly weapon, was not a serious felony within the meaning of the statute. Section 667 defines serious felony as a felony listed in Penal Code section 1192.7, subdivision (c). The latter statute lists twenty-five items, one of which is "any felony in which the defendant personally used a dangerous or deadly weapon." (Pen. Code, § 1192.7, subd. (c)(23).) The Attorney General contends that subdivision (c)(23) includes assault with a deadly weapon.

The following three offenses are also listed in Penal Code section 1192.7, subdivision (c): "any felony in which the defendant uses a firearm" (Pen. Code, § 1192.7, subd. (c)(8)), "assault with a deadly weapon or instrument on a peace officer" (Pen. Code, § 1192.7, subd. (c)(11)), and "assault with a deadly weapon by an inmate" (Pen. Code, § 1192.7, subd. (c)(13)). Sutton argues that subdivision (c)(23) should not be construed as including assault with a deadly weapon, because to do so would render subdivisions (c)(8), (c)(11), and (c)(13) mere surplusage, since subdivision (c)(23) would encompass all three of these subdivisions if it were construed as applying to any assault with a deadly weapon without something more. Sutton relies on the rule of statutory construction that an interpretation making some words surplusage is to be avoided. (*People* v. *Gilbert* (1969) 1 Cal.3d 475, 480 [82 Cal.Rptr. 724, 462 P.2d 580].) However, the statutory construction advanced by Sutton, requiring reference to the other provisions of section 1192.7 to give effect to subdivision (c)(23), would render subdivision (c)(23) mere surplusage and therefore is also to be avoided.

We conclude that assault with a deadly weapon is not a serious felony under subdivision (c)(23). The list of serious felonies in section 1192.7, subdivision (c), is adopted almost verbatim from Penal Code section 12021.1, subdivision (b) [requiring incarceration where a person previously

---

[2]Sutton argues that the analogy to *Culbreth* and section 12022.5 is faulty because *Culbreth* relies on the proscription against multiple punishment contained in Penal Code section 654 (see *People* v. *Blessing* (1979) 94 Cal.App.3d 835, 841 [155 Cal.Rptr. 780]), but section 654 has a unique application to sex offenses (see *People* v. *Perez* (1979) 23 Cal.3d 545, 553-554 [153 Cal.Rptr. 40, 591 P.2d 63].) However, it is not the holding of *Culbreth* that is analogous to the present case, but the Supreme Court's use of the phrase "single occasion."

convicted of one of twenty-six enumerated felonies is found guilty of owning or possessing a concealable firearm]. Section 12021.1 refers to statutorily defined crimes or enhancements rather than simply the factual circumstances of an offense; thus section 1192.7 must similarly so refer. Therefore, subdivision (c)(23) of section 1192.7 must refer to some specific, statutorily defined crime or enhancement. The language of subdivision (c)(23) closely resembles the former language of Penal Code section 12022, subdivision (b), prescribing an enhancement for personal use of a dangerous or deadly weapon in the commission or attempted commission of a felony. Therefore, subdivision (c)(23) must refer only to the proof or admission of an enhancement under section 12022, subdivision (b), for personal use of a dangerous or deadly weapon.[3]

Thus, there could be no enhancement under subdivision (c)(23). Sutton's prior conviction for assault with a deadly weapon was not a serious felony under the subdivision, and his conviction occurred before the enactment of Penal Code section 12022, subdivision (b), the enhancement statute to which subdivision (c)(23) evidently refers. The judgment must be reversed as to imposition of the five-year enhancement.

IV. *The Right to a Bifurcated Trial.* *

. . . . . . . . . . . . . . . . . . . . . . .

V. *Discretion to Strike Enhancements.*

■   Lastly, Sutton contends that the trial court erred in determining that it had no discretion to strike the enhancement allegations under Penal Code section 667.5, subdivision (b) [one-year enhancement for prior felony], and Penal Code section 12022.3 [three-year enhancement for use of deadly weapon in commission of forcible oral copulation].[4] The court expressed the opinion that it was mandated to impose the enhancements.

---

[3]Our reasoning is adopted from the opinion in *People* v. *Bradford* (1984) 160 Cal.App.3d 532 [206 Cal.Rptr. 899]. An additional reason why Sutton's prior conviction cannot be deemed a serious felony within the provisions of Penal Code section 1192.7, subdivision (c), is that his prior conviction under Penal Code section 245, subdivision (a), need not have resulted from an assault with a deadly weapon. Under that section, a conviction may also be founded upon an assault "by means of force likely to produce great bodily injury" without the use of a deadly weapon. We cannot go behind the unadjudicated elements of the offense of violating section 245, subdivision (a), to prove a fact such as use of a deadly weapon that is not a necessary element for conviction under this statute. (*People* v. *Lee* (1984) 150 Cal.App.3d 455, 458 [197 Cal.Rptr. 766].)

*See footnote, *ante*, page 438.

[4]Sutton also argues that the court erred in determining that it lacked discretion to strike the enhancement allegation under Penal Code section 667 (five-year enhancement for prior serious felony), but with the reversal as to imposition of this enhancement, the issue becomes moot.

### A. *Penal Code section 667.5, subdivision (b).*

The court clearly had discretion to strike the one-year enhancement alleged under Penal Code section 667.5, subdivision (b). Such discretion is expressly afforded by Penal Code section 1170.1, subdivision (h). The cause must be remanded to permit the court to exercise its discretion to strike if it so chooses.

### B. *Penal Code section 12022.3.*

The court also erred in determining that it had no discretion to strike the three-year enhancement under Penal Code section 12022.3. That statute provides that the enhancement "shall" be imposed, but under *People* v. *Williams* (1981) 30 Cal.3d 470, 483 [179 Cal.Rptr. 443, 637 P.2d 1029], the court retained discretion to strike under Penal Code section 1385, which affords trial courts discretion to "order an action to be dismissed" in the furtherance of justice. The court in *Williams* held that the mere use of mandatory language in a statute cannot alone indicate that section 1385 is inapplicable, but must be accompanied by "specific indication" of intent to withhold discretion to strike. The absence of section 12022.3 from the list of enhancements which may be stricken under Penal Code section 1170.1, subdivision (h), might seem to indicate a lack of discretion to strike pursuant to the rule of statutory construction *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of another), but this does not constitute "specific indication" of intent to withhold discretion to strike under *Williams.* On remand, therefore, the trial court must be afforded the opportunity to exercise its discretion to strike the three-year enhancement under Penal Code section 1385, if it so chooses.

### VI. *Disposition.*

The judgment is reversed as to imposition of the one-year enhancement under Penal Code section 667.5, subdivision (b), and as to imposition of the three-year enhancement under Penal Code section 12022.3, and the cause is remanded for resentencing to permit the trial court to exercise its discretion to strike those enhancements if it so chooses. The judgment is reversed as to imposition of the five-year enhancement under Penal Code section 667. In all other respects the judgment is affirmed.

Low, P. J., and Haning, J., concurred.

A petition for a rehearing was denied January 30, 1985.