[No. A071978. First Dist., Div. Four. Aug. 21, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
MARY LUCKETT, Defendant and Appellant.

COUNSEL

Carlton E. Lacy, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Catherine A. Rivlin and Jeremy Friedlander, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ANDERSON, P. J.**—Today we are called upon to determine whether the court has authority to dismiss an age enhancement in the interest of justice pursuant to section 1385 of the Penal Code.[1] Mary Luckett (appellant) robbed 2 women, ages 85 and 87, respectively, in their home. She went to their front door, claimed she had a gun, and demanded money. Because they were scared, the victims allowed appellant into their home. Appellant injured no one but stole food and various household items as the victims looked on in fright.

In a court trial, appellant was found guilty of two counts of first degree robbery (§§ 211, 212.5) and one count of first degree burglary (§§ 459, 460,

---

[1]All further statutory references are to the Penal Code.

subd. (a)). Appellant had a prior "strike" conviction for robbery that constituted a serious felony (§§ 1170.12, subds. (b) and (c), 667, subd. (a)), four other prior petty theft convictions, and was ineligible for probation pursuant to section 1203.09, subdivision (f), because the victims were over the age of sixty. The court sentenced appellant to three years for the first robbery and a consecutive term of sixteen months for the second, and doubled each, to six years and thirty-two months, respectively, because of appellant's prior "strike" conviction. To each of these terms, the court added a two-year enhancement pursuant to section 667.9 because the victims were over the age of sixty-five and appellant had been previously convicted of robbery. The court also added a five-year enhancement for the prior "strike" conviction pursuant to section 667, subdivision (a). Finally, pursuant to section 654 the court stayed a six-year sentence on the burglary conviction, a two-year age enhancement on that offense, and four 1-year enhancements for the prior petty theft convictions. Appellant's sentence totaled 17 years and 8 months.

At sentencing the court stated that it was "not enthused about the amount of time that [it was] giving [appellant]" but that it believed it could not stay appellant's section 667.9 enhancements for the two robbery convictions because section 667.9 is not listed within section 1170.12, subdivision (a), which sets forth the enhancements a court may strike.[2]

Appellant's only contention on appeal is that the trial court erred in believing it lacked authority to *stay* the section 667.9 enhancements pursuant to section 1385.[3] We agree and remand for resentencing.

I. *The Trial Court Retains Its Authority to Strike Enhancements Pursuant to Section 1385 Absent Clear Legislative Intent to the Contrary*

The dilemma presented by this case is whether a trial court may strike section 667.9 enhancements notwithstanding that section 667.9 is neither mentioned in section 1170.1, subdivisions (d) and (h), nor specifically excepted from the striking authority of section 1385.

Section 1170.1, subdivision (d), establishes that trial courts, when imposing a determinate sentence pursuant to section 1170, "shall also impose the

---

[2] The trial court erred in referencing section 1170.12, subdivision (a), because that section does not list enhancements that a trial court may strike. We conclude that the court meant section 1170.1, subdivision (h), and analyze this case from that perspective.

[3] Under section 1385, a trial court may dismiss, or "strike," an action. Here, the functional effect of "staying" a section 667 enhancement is a striking. Accordingly, we focus our analysis on whether a trial court may "strike" a section 667.9 enhancement pursuant to section 1385.

additional terms provided in subdivision (c) of Section 186.10 and Sections 667, 667.15, 667.5, 667.8, 667.83, 667.85, 12022, 12022.1, 12022.2, 12022.4, 12022.5, 12022.55, 12022.6, 12022.7, 12022.75, and 12022.9 . . . unless the additional punishment therefor is stricken pursuant to [section 1170.1,] subdivision (h)." Section 1170.1, subdivision (h), provides, "Notwithstanding any other law, the court may strike . . . the enhancements provided in subdivision (c) of Section 186.10 and Sections 667.15, 667.5, 667.8, 667.83, 667.85, 12022, 12022.1, 12022.2, 12022.4, 12022.6, 12022.7, 12022.75, and 12022.9 . . . if it determines that there are circumstances in mitigation of the additional punishment." ▮ Section 1385 authorizes a trial court to dismiss a prior action to further justice where the Legislature has not clearly evidenced a contrary intent. (§ 1385; *People* v. *Williams* (1981) 30 Cal.3d 470, 482 [179 Cal.Rptr. 443, 637 P.2d 1029].) That power includes dismissing or striking an enhancement. (*People* v. *Thomas* (1992) 4 Cal.4th 206, 209 [14 Cal.Rptr.2d 174, 841 P.2d 159].)

Since 1985, the law of California has been clear that, while the Legislature has the authority to limit the courts' inherent and statutory discretion to strike, when it chooses to exercise that authority it must do so in unmistakable terms. (*People* v. *Fritz* (1985) 40 Cal.3d 227, 230 [219 Cal.Rptr. 460, 707 P.2d 833].) The California Supreme Court has "sent an unmistakable signal to drafters of sentencing provisions of the need to include clear language eliminating a trial court's section 1385 authority whenever such elimination is intended." (*People* v. *Fritz, supra,* 40 Cal.3d at p. 230.) ▮▮▮ This was most recently confirmed in *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497, 518 [53 Cal.Rptr.2d 789, 917 P.2d 628]:[4] "any statute defining the punishment for a crime [cannot] be read as implicitly eliminating the court's power to impose a lesser punishment by dismissing, or by striking sentencing allegations, under section 1385. This is because the statutory power to dismiss in furtherance of justice has always coexisted with statutes defining punishment and must be reconciled with the latter. [Citation.] ▮ For this reason, we will not interpret a statute as eliminating courts' power under section 1385 'absent a clear legislative direction to the contrary.'"

---

[4] The three strikes law and the California Supreme Court's recent holding in *Romero* do not apply to this case. In *Romero,* the court held that section 1385 permits a court acting on its own motion to strike *prior felony conviction allegations* in cases brought under the three strikes law. (*People* v. *Superior Court (Romero), supra,* 13 Cal.4th at pp. 528-530].) Here, we decide whether, pursuant to section 1385, a trial court may strike section 667.9 *enhancements* not listed within section 1170.1, subdivision (h). "[E]nhancements are not 'equivalent' to, nor do they 'function' as, substantive offenses . . . because a defendant is not at risk for punishment under an enhancement allegation until convicted of a related substantive offense." (*People* v. *Wims* (1995) 10 Cal.4th 293, 307 [41 Cal.Rptr.2d 241, 895 P.2d 77].)

In response to *Fritz*, the 1986 Legislature amended section 1385 to include subdivision (b), which states, "[section 1385] does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667." Thus, it is clear that the Legislature is aware of the need for "clear legislative direction" and, accordingly, knows how to formulate express language abrogating a court's authority to strike pursuant to section 1385.

In fact, two Courts of Appeal have held that trial courts may strike section 12022.3 weapons use enhancements pursuant to section 1385, although section 12022.3 is not listed within section 1170.1, subdivision (h), because of an absence of a clear legislative direction to the contrary. (*People* v. *Price* (1984) 151 Cal.App.3d 803, 818 [199 Cal.Rptr. 99]; *People* v. *Sutton* (1985) 163 Cal.App.3d 438, 446 [209 Cal.Rptr. 536].) The court in *Price* concluded that it did not find "any persuasive evidence of legislative intent to remove weapon use enhancements in sex cases from the operation of section 1385." (*People* v. *Price, supra,* at p. 820.) Likewise, the court in *Sutton* concluded that section 12022.3's omission from section 1170.1, subdivision (h), "does not constitute 'specific indication' of intent to withhold discretion to strike under [*People* v.] *Williams*." (*People* v. *Sutton, supra,* at p. 446.)

In addition to being found in express statutory language, clear legislative intent to abrogate trial courts' authority to strike under section 1385 exists where there is a statutory scheme designed to effect a particular result and where the invocation of section 1385 would nullify that result. (*People* v. *Tanner* (1979) 24 Cal.3d 514, 520 [156 Cal.Rptr. 450, 596 P.2d 328]; *People* v. *Rodriguez* (1986) 42 Cal.3d 1005, 1019 [232 Cal.Rptr. 132, 728 P.2d 202]; *People* v. *Thomas, supra,* 4 Cal.4th at p. 212.) In both *Tanner* and *Rodriguez,* the California Supreme Court held that trial courts may not invoke the striking authority of 1385 to strike a probation ineligibility clause under section 1203.06 for persons who used firearms during the commission of specific crimes. (*People* v. *Tanner, supra,* at p. 520; *People* v. *Rodriguez, supra,* at p. 1019.) The court concluded that legislative history revealed a statutory scheme designed to limit probation for individuals who use firearms to commit serious crimes. (*People* v. *Tanner, supra,* at pp. 519-520.)

Similarly, in *Thomas,* the Supreme Court held that trial courts may not invoke section 1385 to strike section 12022.5 firearm use enhancements because the Legislature intended to eliminate the courts' section 1385 striking power when it deleted section 12022.5 from section 1170.1, subdivision (h). (*People* v. *Thomas, supra,* 4 Cal.4th at pp. 212-213.) The Legislature need not expressly refer to section 1385 to indicate a legislative

direction to the contrary and, thus, preclude the operation of that section. (*People* v. *Thomas, supra,* at p. 211.) Indeed, the deletion of section 12022.5 was part of a scheme of legislation that sought to enhance criminal liability for unlawful firearm use. (*People* v. *Thomas, supra,* at pp. 212-213.) Therefore, the Legislature could not have both intended to remove section 12022.5 from section 1170.1, subdivision (h), and preserve a trial court's authority to strike a section 12022.5 enhancement under section 1385. (*People* v. *Thomas, supra,* at p. 213.)

## II. *There Is No Clear Legislative Intent to Abrogate the Trial Courts' Authority to Strike a Section 667.9 Enhancement Pursuant to Section 1385*

■ We find neither express statutory language nor legislative history evincing a particular statutory scheme indicating that the Legislature intended to remove section 667.9 from the purview of section 1385.

Section 1170.1, subdivision (d), is part of a particular statutory scheme establishing, in part, that trial courts, when imposing a determinate sentence pursuant to section 1170, "shall also impose the additional terms provided in subdivision (c) of Section 186.10 and Sections 667, 667.15, 667.5, 667.8, 667.83, 667.85, 12022, 12022.1, 12022.2, 12022.4, 12022.5, 12022.55, 12022.6, 12022.7, 12022.75, and 12022.9 . . . unless the additional punishment therefor is stricken pursuant to [section 1170.1,] subdivision (h)." Unlike section 12022.5 at issue in *Thomas,* section 667.9 has never been listed within section 1170.1, subdivision (d) or (h). Thus, the Legislature has never decreed that the additional punishment must be imposed for section 667.9, nor has it specifically authorized that it may be stricken. Indeed, like section 12022.3 at issue in *Price* and *Sutton,* nothing in the language of section 1170.1 or its legislative history reveals any legislative intent to abrogate trial courts' authority under section 1385 to strike a section 667.9 enhancement. Furthermore, the trial courts' invocation of section 1385 to strike a section 667.9 enhancement will not nullify the intended effect of the statutory scheme of which section 1170.1 is a part.

The Attorney General maintains that *Thomas* necessarily makes section 1385 inoperable because the "key lesson" of *Thomas* is "there exists no significant difference between the standard set forth in section 1170.1, subdivision (h), for enhancements . . . and section 1385's 'striking' standard." The People are mistaken. The "key lesson" of *Thomas* is that the standards set forth in sections 1170.1, subdivision (h), and 1385 essentially are identical for striking *firearm use* enhancements, not all enhancements, because legislative history evinces a particular statutory scheme designed to

enhance criminal liability for unlawful firearm use. (*People* v. *Thomas*, *supra*, 4 Cal.4th at pp. 212-213.) Here, there neither exists similar clear legislative intent in the form of a particular statutory scheme, nor was the court ever given specific authority to strike a section 667.9 enhancement, which authority was subsequently repealed. (*People* v. *Thomas*, *supra*, at pp. 212-213.)

The Attorney General also contends that section 1170.1, subdivision (h), overrides section 1385 because of the principle that a specific statute controls over a general one. However, there is no clear indication that, in enacting section 1170.1, subdivision (h), the Legislature specifically intended to limit trial courts' authority to strike *only* those enhancements listed within that section. Indeed, there is no evidence that the Legislature intended section 1170.1, subdivision (h), to abrogate trial courts' authority to strike section 667.9 enhancements pursuant to section 1385.

Finally, the Attorney General argues that the Legislature has clearly expressed its intent to abrogate the authority of trial courts to strike section 667.9 enhancements under section 1385 because it has amended section 1170.1 several times since enacting section 667.9 in 1985 and each time has failed to include section 667.9 within section 1170.1, subdivisions (d) and (h). Contrary to the Attorney General's view, this does not represent clear legislative intent—express statutory language or a particular statutory scheme—to eliminate trial courts' striking authority under section 1385.

We hold that the trial court erred in believing it did not possess the authority to strike appellant's section 667.9 enhancement pursuant to section 1385. To summarize, the trial court does retain discretion to strike appellant's section 667.9 enhancement pursuant to section 1385 for the following reasons: (1) *Fritz* requires express statutory language to eliminate a trial court's section 1385 authority to strike, and there is none regarding section 667.9; (2) striking a section 667.9 enhancement under section 1385 will not nullify the intended effect of the statutory scheme of which section 1170.1 is a part; (3) since enacting section 667.9 in 1985, the Legislature has never listed section 667.9 within section 1170.1, subdivision (d), which specifies the enhancements a court must impose, even though it has amended section 1170.1 eight times; (4) unlike section 12022.5 at issue in *Thomas*, the Legislature has never listed section 667.9 within section 1170.1, subdivision (h), and later deleted it therefrom, thus evincing clear legislative intent to abrogate a court's striking authority; and (5) there is no clear indication that the Legislature intended to limit a trial court's authority to strike only those enhancements enumerated in section 1170.1, subdivision (d), that are relisted in section 1170.1, subdivision (h).

The trial court's error was not harmless because its statements at sentencing imply that it would have stricken appellant's section 667.9 enhancements if it thought it had such authority.

The judgment is reversed, and the matter is remanded for resentencing.

Reardon, J., and Hanlon, J., concurred.

Respondent's petition for review by the Supreme Court was denied November 26, 1996.