[No. B151042. Second Dist., Div. Five. Jan. 15, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
PATRICK DALE WILSON, Defendant and Appellant.

**COUNSEL**

Law Offices of Jamison K. Shedwill and Jamison K. Shedwill for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Lance E. Winters and Valerie A. Baker, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GRIGNON, J.**—Penal Code section 451.1, subdivision (a)(5) provides for a sentence enhancement if arson is committed by use of an accelerant. The statute commences with the words "Notwithstanding any other law . . . ." The question presented is whether a trial court has discretion under Penal Code section 1385 to strike the enhancement. We hold that in the absence of any other indicia of legislative intent, the introductory phrase does not evidence a clear legislative direction to divest trial courts of discretion under Penal Code section 1385 to strike the enhancement. Accordingly, trial courts retain discretion to strike the enhancement.

### FACTS AND PROCEDURAL BACKGROUND

Defendant and appellant Patrick Dale Wilson appeals from a judgment following a plea of no contest to arson of a structure (Pen. Code, § 451, subd. (c)) and an admission of the use of an accelerant (Pen. Code, § 451.1, subd. (a)(5)). Defendant burned the uninhabited home owned by him and his wife by using gasoline. The no contest plea was entered pursuant to the terms of a plea agreement that defendant would be sentenced to no more than five years in state prison. At sentencing, the trial court determined it had no discretion under Penal Code section 1385 to strike the use of an accelerant enhancement. Defendant was sentenced to state prison for five years (the lower terms of two years for the arson and three years for the enhancement). Defendant contends the trial court had discretion to strike the use of an accelerant enhancement. We agree. We reverse and remand the matter to the trial court to exercise that discretion.

### DISCUSSION

 Penal Code section 451.1, subdivision (a)(5) provides: "Notwithstanding any other law, any person who is convicted of a felony violation of

[Penal Code s]ection 451 shall be punished by a three-, four-, or five-year enhancement if one or more of the following circumstances is found to be true: [¶] . . . [¶] . . . The defendant committed arson as described in subdivision (a), (b), or (c) of [Penal Code s]ection 451 and the arson was caused by use of a device designed to accelerate the fire or delay ignition."

A trial court has the power to dismiss or strike an enhancement under Penal Code section 1385. (*People v. Thomas* (1992) 4 Cal.4th 206, 209 [14 Cal.Rptr.2d 174, 841 P.2d 159].) "[A]bsent a clear legislative direction to the contrary, a trial court retains its authority under [Penal Code] section 1385 to strike an enhancement." (*Id.* at p. 210.) However, "it is not necessary that the Legislature expressly refer to [Penal Code] section 1385 in order to preclude its operation." (*Id.* at p. 211.)

Clear legislative intent to abrogate trial courts' authority to strike under Penal Code section 1385 may be found in express statutory language. (*People v. Luckett* (1996) 48 Cal.App.4th 1214, 1219 [56 Cal.Rptr.2d 37].) For example, Penal Code section 1385, subdivision (b) expressly prohibits trial courts from utilizing Penal Code section 1385 to strike prior serious felony conviction enhancements under Penal Code section 667, subdivision (a). "[Penal Code section 1385] does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under [Penal Code s]ection 667." (Pen. Code, § 1385, subd. (b).) In addition, Penal Code section 12022.53, subdivision (d) expressly prohibits trial courts from utilizing Penal Code section 1385 to strike certain firearm use enhancements under Penal Code section 12022.53. "Notwithstanding [Penal Code s]ection 1385 or any other provision of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section." (Pen. Code, § 12022.53, subd. (h).) Moreover, Penal Code section 1385.1 expressly prohibits trial courts from utilizing Penal Code section 1385 to strike special circumstances. "Notwithstanding [Penal Code s]ection 1385 or any other provision of law, a judge shall not strike or dismiss any special circumstance which is admitted by a plea of guilty or nolo contendere or is found by a jury or a court as provided in [Penal Code s]ections 190.1 to 190.5, inclusive." (Pen. Code, § 1385.1.)

"In addition to being found in express statutory language, clear legislative intent to abrogate trial courts' authority to strike under [Penal Code] section 1385 exists where there is a statutory scheme designed to effect a particular result and where the invocation of [Penal Code] section 1385 would nullify that result." (*People v. Luckett, supra,* 48 Cal.App.4th at p. 1219.) For example, Penal Code former section 1170.1, subdivision (h) set forth a list of statutory enhancements that a trial court might, in its discretion, strike if

sufficient mitigating circumstances were present. In 1989, the Legislature deleted Penal Code section 12022.5 (firearm use enhancement) from the list. (*People v. Thomas, supra,* 4 Cal.4th at p. 208.)[1] Thus, "trial courts may not invoke [Penal Code] section 1385 to strike [Penal Code] section 12022.5 firearm use enhancements because the Legislature intended to eliminate the courts' [Penal Code] section 1385 striking power when it deleted [Penal Code] section 12022.5 from [Penal Code] section 1170.1, subdivision (h). (*People v. Thomas, supra,* 4 Cal.4th at pp. 212-213.) . . . [T]he Legislature could not have both intended to remove [Penal Code] section 12022.5 from [Penal Code] section 1170.1, subdivision (h), and preserve a trial court's authority to strike a [Penal Code] section 12022.5 enhancement under [Penal Code] section 1385." (*People v. Luckett, supra,* 48 Cal.App.4th at pp. 1219-1220.) ■ Similarly, "trial courts may not invoke the striking authority of [Penal Code section] 1385 to strike a probation ineligibility clause under [Penal Code] section 1203.06 for persons who used firearms during the commission of specific crimes. (*People v. Tanner* [(1979) 24 Cal.3d 514 [156 Cal.Rptr. 450, 596 P.2d 328],] 520; *People v. Rodriguez* [(1986) 42 Cal.3d 1005 [232 Cal.Rptr. 132, 728 P.2d 202],] 1019.) . . . [L]egislative history revealed a statutory scheme designed to limit probation for individuals who use firearms to commit serious crimes." (*People v. Luckett, supra,* 48 Cal.App.4th at p. 1219.)

■ General mandatory language, such as "shall" and "without limitation," is insufficient to support a finding of legislative intent to divest trial courts of discretion under Penal Code section 1385 to strike enhancements. (*People v. Fritz* (1985) 40 Cal.3d 227, 230-231 [219 Cal.Rptr. 460, 707 P.2d 833]; *People v. Williams* (1981) 30 Cal.3d 470, 478-483 [179 Cal.Rptr. 443, 637 P.2d 1029].) Introductory language of "notwithstanding any other law," without any other indicia of legislative intent, is also insufficient. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 523-524 [53 Cal.Rptr.2d 789, 917 P.2d 628]; cf. *People v. Hesslink* (1985) 167 Cal.App.3d 781, 793-794 [213 Cal.Rptr. 465] [Pen. Code, § 1203.065: "Notwithstanding any other provision of law, probation shall not be granted . . . ."].) The legislative command that a statutory provision be applied "notwithstanding any other law" most likely means that the provision, when applicable, "takes the place of whatever law would otherwise determine defendant's sentence for the current offense." (*People v. Superior Court (Romero), supra,* 13 Cal.4th at p. 524.) When the Legislature intends to divest trial courts of authority to strike an enhancement, it does not rely on nonspecific language, such as "notwithstanding any other provision of law" (Pen. Code, § 12022.53, subds. (b), (c), (d)), but rather expressly divests trial courts of authority to strike (Pen. Code, § 12022.53, subd. (h)).

---

[1] In 1997, former subdivision (h) of Penal Code section 1170.1 was repealed in its entirety as surplusage. (Stats. 1997, ch. 750, §§ 3, 9.)

Penal Code section 451.1, subdivision (a)(5) contains no express statutory language divesting trial courts of authority to strike the enhancement. No express statutory language of divestiture is found elsewhere in the Penal Code. Invocation of authority to strike the enhancement under Penal Code section 1385 would not nullify any prescribed statutory result. The introductory language is insufficient to divest trial courts of authority to strike the enhancement in the absence of other indicia of legislative intent. We have reviewed the statutory scheme and the legislative history of the enactment of the Penal Code section 451.1, subdivision (a)(5) enhancement. The section was enacted as part of legislation designed to increase the possible penalties for arson. (Stats. 1994, ch. 421, § 2, pp. 2299-2300, eff. Sept. 7, 1994; *People v. Andrade* (2000) 85 Cal.App.4th 579, 585-586 [102 Cal.Rptr.2d 254].) Prior to the enactment of Senate Bill No. 1309 in 1994, the maximum penalty for arson under existing law was only nine years. (Sen. Com. on Judiciary, Rep. on Sen. Bill No. 1309 (1993-1994 Reg. Sess.) Mar. 22, 1994, p. 5.) Senate Bill No. 1309 added a number of provisions increasing the possible penalties for arson, including the enhancement at issue in this case. We find no indicia of legislative intent to divest trial courts of discretion under Penal Code section 1385 to strike the enhancements provided for in Penal Code section 451.1. The "notwithstanding any other law" language was included in the first draft of the bill (Sen. Bill No. 1309) and remained in successive drafts without comment. Accordingly, we conclude trial courts retain the authority to strike such enhancements.

In this case, defendant entered a plea of no contest in exchange for a promise of no more than five years in state prison. It is apparent that the parties anticipated the exercise of judicial discretion in the selection of the specific sentence within the range. The trial court ordered a new probation report and defendant was referred for a diagnostic study. Each party presented a sentencing memorandum. ■ An evidentiary sentencing hearing was held. Defendant did not agree to a specified sentence. Accordingly, he is free to challenge on appeal trial court error in selection of the sentence within the agreed range. (*People v. Cole* (2001) 88 Cal.App.4th 850, 869-872 [106 Cal.Rptr.2d 174].)

■ In sentencing defendant, the trial court expressly stated it believed it had no discretion to strike the sentence enhancement. In this respect, the trial court erred. The trial court did not indicate the manner in which it would exercise its discretion, if it had discretion. The trial court also did not indicate it would not exercise its discretion in favor of defendant. Under these circumstances, it is appropriate to remand the matter to permit the trial court to exercise its discretion to strike the sentence enhancement. We express no opinion as to the manner in which the discretion is to be exercised.

## Disposition

The judgment is reversed and the matter is remanded to the trial court to exercise its discretion to strike the enhancement under Penal Code section 451.1, subdivision (a)(5).

Turner, P. J., and Armstrong, J., concurred.

A petition for a rehearing was denied February 8, 2002.