Filed 5/15/14  P. v. Trejo CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | G048572 |
| v. | (Super. Ct. No. 12NF3730) |
| KEVIN BERMUDEZ TREJO, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Nicholas S. Thompson, Judge.  Affirmed and remanded with directions.

Tony Rackauckas, District Attorney and David R. Gallivan, Deputy District Attorney, for Plaintiff and Appellant.

Maria Leftwich, under appointment by the Court of Appeal, for Defendant and Respondent.

\*          \*          \*

The People appeal from the trial court's order granting defendant Kevin Bermudez Trejo's motion under Penal Code section 1385[1] to dismiss the section 186.22, subdivision (b)(1) (section 186.22(b)(1)) gang enhancements charged against him. The sole issue on appeal is whether a court has the authority under section 1385 to dismiss section 186.22(b)(1) enhancements. We hold the court does have such authority and therefore affirm the order, but remand the matter for the court to state its reasons for the dismissal in the minutes, as required by section 1385, subdivision (a) (section 1385(a)).

## FACTS

In a felony complaint, the People charged defendant with two counts of possessing a controlled substance for sale (Health & Saf. Code, §§ 11378 methamphetamine, 11351 heroin) and alleged he committed the crimes for the benefit of a criminal street gang (§ 186.22(b)(1)).[2]

---

[1] All statutory references are to the Penal Code unless otherwise stated. The order is appealable under section 1238, subdivisions (a)(1) and (a)(8).

[2] The People also charged defendant with street terrorism, but the court dismissed that count on the People's motion based on the People's inability to proceed on that count following the Supreme Court's decision in *People v. Rodriguez* (2012) 55 Cal.4th 1125 (conviction for street terrorism requires that a person commit an underlying felony with at least one other gang member). The People also alleged defendant had suffered prior serious felony convictions for which he served prison terms. After defendant pleaded guilty to possession of controlled substances for sale, the court stated it would exercise its discretion to strike defendant's priors for purposes of sentencing.

Prior to the preliminary hearing (and without an evidentiary hearing of any kind), defendant invited the court to dismiss the section 186.22(b)(1) enhancements pursuant to section 1385, in the interests of justice due to an alleged lack of supporting evidence. He asserted the evidence would only establish that he is a member of the Jeffrey Street gang; that police found drugs in a closet in a residence he shared with his girlfriend and her family, and that he possessed the drugs with the intent to sell them.

The People filed an opposition, arguing the court lacked authority to dismiss gang enhancement charges pursuant to section 1385 and that the only option available to the court at this stage of the proceedings, absent a preliminary hearing, was to strike the enhancements for sentencing purposes.

The court granted defendant's motion and dismissed the gang enhancements.

Defendant pleaded guilty to possessing heroin and methamphetamine for sale, along with the prior strikes and prison priors, after the court gave an indicated sentence of four years, achieved by striking, for purposes of sentencing, the alleged prior strikes and prison priors. The court sentenced defendant in conformity with its indicated sentence.

DISCUSSION

Although not mentioned by the parties in their appellate briefs, we cannot resist making a brief comment about the highly unusual procedure followed by the trial court. It dismissed the gang allegations on the ground they were not supported by sufficient evidence before the People had presented *any* evidence of any kind. No witnesses had testified. No declarations under penalty of perjury had been filed. There was no evidence for the court to evaluate. The court had before it only the attorneys' arguments about what *they* thought the evidence would show. We can only surmise there

3

must have been a stipulation that the motion could be decided based on stipulated facts. But if that indeed is what happened, that agreement does not appear in the appellate record. Despite this unusual trial court procedure, and because it is not raised as an issue on appeal, we will decide the matter based on the arguments submitted.

*Section 1385 Authorizes Courts to Dismiss Section 186.22(b)(1) Enhancements*

The People contend the court lacked the authority to dismiss defendant's section 186.22(b)(1) gang enhancements pursuant to section 1385, because section 186.22, subdivision (g) (section 186.22(g)) provides the sole statutory basis for eliminating punishment for such enhancements. For this proposition, the People rely on *People v. Campos* (2011) 196 Cal.App.4th 438 (*Campos*).

Section 186.22(b)(1) provides that "any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members," shall be punished with an additional term of between two and 10 years.

Section 186.22(g) provides: "Notwithstanding any other law, the court may strike the additional punishment for the enhancements provided in this section or refuse to impose the minimum jail sentence for misdemeanors in an unusual case where the interests of justice would best be served . . . ."

In contrast to section 186.22(g) (which applies specifically to gang cases), section 1385(a) deals broadly with criminal cases in general. (*Campos*, *supra*, 196 Cal.App.4th at p. 453.) Section 1385(a) authorizes a court, on its own motion or a prosecutor's application, to "order an action to be dismissed" in furtherance of justice. (*Campos*, at p. 453.) "That power includes dismissing or striking an enhancement." (*People v. Luckett* (1996) 48 Cal.App.4th 1214, 1218.) "[A] defendant may invite the court to exercise its power . . . , and the court must consider evidence offered by the defendant in support of his assertion that the dismissal would be in furtherance of

4

justice." (*Rockwell v. Superior Court* (1976) 18 Cal.3d 420, 441-442.) A court "will not interpret a statute as eliminating courts' power under section 1385 'absent a clear legislative direction to the contrary.'" (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 518.)

Generally, a trial court's section 1385 ruling is "subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 373-374.) The question before us, however, is strictly an issue of statutory interpretation. Therefore, we review the court's decision de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.)

*Campos* held that the enactment of section 186.22(g) "provides the clear legislative direction needed to eliminate courts' power to use section 1385 to dismiss or strike gang allegations and enhancements . . . ." (*Campos, supra,* 196 Cal.App.4th at pp. 451-452.) *Campos* gave three reasons for its conclusion. First, the "[u]se of the phrase '[n]otwithstanding any other law' in section [186.22(g)] indicates that courts are to apply *that statute* — and *not* any other potentially applicable statute, such as section [1385(a)] — when considering whether to exercise the powers granted by that statute." (*Id*. at p. 452.) Second, under the rules governing statutory construction, a specific statute prevails over a general statute and a later-enacted statute prevails over an earlier-enacted statute. (*Campos*, at p. 453 [predecessor of § 186.22(g) originated in 1988 (Stats. 1988, ch. 1242, § 1, pp. 4127-4128) while § 1385(a) originated in 1850 (Stats. 1850, ch. 119, § 629, p. 323)].) Third, if section 1385(a) authorizes courts to dismiss or strike gang allegations, then section 186.22(g) is "'redundant and unnecessary.'" (*Campos*, at pp. 453-454.)

5

In *People v. Fuentes* (Apr. 30, 2014, G048563) ___ Cal.App.4th ___
(*Fuentes*), we disagreed with *Campos'* interpretation of section 186.22(g):  "The phrase
'[n]otwithstanding any other law' in section 186.22(g) means that section governs over
all conflicting, contrary, or inconsistent law.  The power to dismiss or strike an
enhancement alleged under section 186.22(b) is not in conflict with, contrary to, or
inconsistent with the power to strike the additional punishment under section 186.22(g).
An enhancement allegation is different from the additional punishment imposed when the
allegation is found to be true.  Thus, the phrase '[n]otwithstanding any other law' in
section 186.22(g) does not constitute a clear direction that the Legislature intended to
eliminate a trial court's power under section 1385(a) to dismiss or strike an enhancement
alleged pursuant to section 186.22(b)."  (*Fuentes*, at p. ___ [at p. 11].)

As to *Campos's* reasoning that a court's authority under section 1385(a) to
dismiss gang allegations would render 186.22(g) redundant, *Fuentes* "explained, there is
a difference between dismissing or striking the enhancement allegation and striking the
additional punishment for that allegation.  The grant of power under section 1385(a) to
dismiss or strike the enhancement allegation would not also grant the trial court power to
strike the additional punishment."  (*Fuentes*, *supra*, ___ Cal.App.4th at p. ___ [at p. 2].)

Accordingly, *Fuentes* concluded "the enactment of section 186.22(g) did
not eliminate the trial court's power to dismiss or strike an enhancement alleged under
section 186.22(b)."  (*Fuentes*, *supra*, ___ Cal.App.4th at p. ___ [at p. [2].)

We adhere to our decision in *Fuentes*.  Section 1385 authorized the court to
dismiss, in the interests of justice, the complaint's allegations of defendant's gang
enhancements.  But the court failed to comply with section 1385(a)'s requirement that the
"reasons for the dismissal . . . be set forth in an order entered upon the minutes."  We
therefore remand this matter for the court to comply with the statutory requirement.

DISPOSITION

Because the court failed to enter the reasons for the dismissal on its minutes (as required by § 1385(a)), we remand this matter for the court to do so.  In all other respects, the order is affirmed.


IKOLA, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


FYBEL, J.