Filed 12/2/14

# TO BE PUBLISHED IN THE OFFICIAL REPORTS

IN THE APPELLATE DIVISION OF THE SUPERIOR COURT

COUNTY OF FRESNO, STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | ) Case Nos. 2448 & 2449 |
| | ) |
| Plaintiff and Respondent, | ) (Fresno Superior Court, Dept. |
| | ) 95, Nos. F98918404-5 & |
| v. | ) F98914875-0) |
| | ) |
| RAFAEL ESPINOZA, | ) |
| | ) OPINION |
| Defendant and Appellant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**I.**

## PROCEDURAL BACKGROUND

Twice convicted by plea of misdemeanor domestic-violence charges 14 years prior, appellant requested the trial court grant him relief under Penal Code section 1385.[1] The trial court declined his request, ruling that it no longer had jurisdiction to act under the statute. Appellant now brings these appeals from the trial court's orders denying his invitation to dismiss his misdemeanor convictions. We have consolidated his appeals for purposes of decision. We agree the trial court could not grant

---

[1] All further references are to the Penal Code unless otherwise noted.

relief under section 1385, and we thus affirm.

Appellant pled guilty to one misdemeanor count of violating section 273.5 in 1998 (Case No. 2449) and no contest to one misdemeanor count of violating that same section in 1999 (Case No. 2448). He received suspended sentences of three years of probation for both offenses. Probation terms were never formally revoked and they expired on October 21, 2001, and January 20, 2002.

In 2011, appellant, a noncitizen, came to the attention of immigration authorities, who began detention proceedings. On September 17, 2013 appellant filed a "Motion to Dismiss Pursuant to Penal Code section 1385" in each Superior Court case. In the motions he contended that the trial court had the authority pursuant to section 1385 to dismiss his convictions for violating section 273.5 in the interests of justice. The motions were heard together on November 21, 2013, and denied by the trial court on the grounds it lacked jurisdiction to act under section 1385 as requested.

In these appeals, appellant contends that because section 1385 contains no limiting language, nor does an enactment of the legislature extinguish the jurisdiction of the Superior Court over his misdemeanor cases, the trial court retained jurisdiction to vacate his guilty pleas and convictions subsequent to rendering judgment and imposing sentence. Thus, in his view, the trial court's failure to exercise discretion under section 1385 is an abuse of discretion, and the appropriate relief on appeal is to remand the matter "in order that the trial court may exercise its discretion to determine whether underlying Penal Code section

273.5 charge[s] should be dismissed in the interest of justice." We reject this contention.

## II.

## DISCUSSION

### A. Standard of Review

The question before us is whether a trial court retains the ability to dismiss a conviction under section 1385 after it has become final. While we apply an abuse of discretion standard to a review a trial court's decision to deny relief under section 1385 (*People v. Carmony* (2004) 33 Cal.4th 367, 374-376), this application is premised on the court's ability to grant relief under the statute. Thus, when the trial court's decision is based on a ruling that it lacked post-judgment jurisdiction under a statute to grant the relief requested, the question involves statutory interpretation, a question of law which we review de novo. (*In re Martinez* (2012) 210 Cal.App.4th 800, 809.)

### B. The Trial Court Properly Denied Relief Under Section 1385

Section 1385, subdivision (a), in relevant part, provides "[t]he judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." Section 1385 contemplates only dismissal of criminal actions, or a part thereof (*People v. Hernandez* (2000) 22 Cal.4th 512, 521-522, 523, 524), but not sentencing factors or historical facts (*In re Varnell* (2003) 30 Cal.4th 1132, 1137). While the statute has potentially broad application, the California Supreme Court has cautioned that a trial court's power "is by no means absolute." (*People v. Orin* (1975) 13 Cal.3d 937, 945.)

3

Indeed, the Legislature can expressly restrict a trial court's discretion to dismiss under the statute. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 518 (*Romero*).) Moreover, "[a]lthough the discretion of a trial judge to dismiss a criminal action under Penal Code section 1385 in the interests of justice 'may be exercised at any time during the trial, including after a jury verdict of guilty' [citation], this statute has never been held to authorize dismissal of an action after the imposition of sentence and rendition of judgment. [Citation.]" (*People v. Barraza* (1994) 30 Cal.App.4th 114, 121, fn. 8. (*Barraza*).) "Use of section 1385 in that manner would be inconsistent with the Supreme Court's strict focus on the language of the statute." (*People v. Kim* (2012) 212 Cal.App.4th 117, 122 (*Kim*).)

Appellant first argues that it would be "inconsistent, and defy logic" to permit a court to dismiss an action under section 1203.4, but to prevent it from dismissing that same action under section 1385. This result is neither inconsistent nor illogical. Section 1203.4 specifically grants the trial court continuing jurisdiction to act after a defendant's conviction has become final, by service of his or her sentence. Section 1385 does not grant the trial court this jurisdiction.

Appellant's argument would seemingly render nugatory sections 1203.4, 1203.4a, 4852.01 (certificate of rehabilitation and pardon in felony matters), and California Constitution, article V, section 8 (Governor's pardon authority). None of these statues or powers would be needed if a trial court perpetually maintained the ability to make a conviction simply disappear under section 1385. We will restrictively interpret section 1385 "where there is a

4

statutory scheme designed to effect a particular result and where the invocation of section 1385 would nullify that result." (*People v. Luckett* (1996) 48 Cal.App.4th 1214, 1219.)

Moreover, the power to eliminate a conviction under section 1385 as envisioned by appellant would be more expansive and enduring than that granted under section 1016.5, or petitions for writ of habeas corpus, coram nobis, and mandate – none of which are available to appellant. (See *People v. Villa* (2009) 45 Cal.4th 1063, 1072-1074; *People v. Kim* (2009) 45 Cal.4th 1078, 1099; *People v. Shokur* (2012) 205 Cal.App.4th 1398, 1406-1407.) Appellant claims that these cases are inapposite because he is not bringing petitions for habeas corpus, coram nobis, or a nonstatutory motion, and these cases do not address or foreclose section 1385 relief. We do not believe section 1385 can be construed as a stop-gap statute meant to address cases where all other forms of post-judgment relief might fail. Instead, relief under section 1385 must be sought promptly while there is still an on-going action or pending proceeding.

As our Supreme Court explained in *People v. Picklesimer* (2010) 48 Cal.4th 330, 337:

> 'There is no statutory authority for a trial court to entertain a postjudgment motion that is unrelated to any proceeding then pending before the court. [Citation.] Indeed, a motion is not an independent remedy. It is ancillary to an on-going action and "'implies the pendency of a suit between the parties and is confined to incidental matters in the progress of the cause. As the rule is sometimes expressed, a motion relates to some question collateral to the main object of the action and is connected with, and dependent on, the principal remedy.'" [Citation.] In most cases, after the judgment has become final, there is nothing pending to which a motion may attach.' [Citation.]

*Picklesimer* acknowledged there were some exceptions to this rule:

> These exceptions generally arise in instances where the Legislature has expressly authorized such a motion. (See, e.g., § 17, subd. (b)(3) [motion to reduce a 'wobbler' to a misdemeanor]; § 1016.5, subd. (b) [motion to vacate judgment and withdraw a plea based on the immigration consequences of the plea]; § 1203.4 [motion by probationer to vacate plea and dismiss charges]; § 1473.6 [motion to vacate judgment based on newly discovered evidence of fraud].)

(*Id.* at p. 337, fn. 2.)

Here, we see nothing in section 1385 that expressly grants the trial court post-judgment jurisdiction to dismiss a long-final conviction.

Appellant also argues that because his matters were probation cases, the trial court retained jurisdiction under section 1385. This is because the "matter remained a viable action as there remained legal remedies which the law of the State of California permitted [the trial court] to grant or deny," and he gives as an example jurisdiction to dismiss under section 1203.4. This argument, however, ignores the fact that section 1203.4 specifically confers limited jurisdiction over a probationary case, once probation has terminated, either by operation of law or by order of the court. That jurisdiction extends solely to grant relief of dismissal in an appropriate case. Such a dismissal does not make the conviction disappear and it is not considered an "expungement" under either California law (*People v. Frawley* (2000) 82 Cal. App. 4th 784, 790-791) or federal immigration law (*Ramirez-Castro v. I.N.S.* (9th Cir. 2002) 287 F.3d 1172, 1175). Section 1385, however, wipes a defendant's record clean and "[t]he

6

defendant stands as if he had never been prosecuted for the charged offense." (*People v. Superior Court* (*Flores*) (1989) 214 Cal.App.3d 127, 136.)

Case law affirms our view that a trial court lacks post-judgment jurisdiction to dismiss a final conviction under section 1385. In *Kim, supra,* 212 Cal.App.4th 117, the trial court granted defendant's post-judgment request to dismiss his long final convictions, under section 1385, so that defendant could avoid the adverse immigration consequences of that conviction. The reviewing court reversed, holding "a trial court has no authority to dismiss an action after judgment has been imposed and the defendant has served his or her sentence." (*Id.* at p. 119.) Appellant seeks to distinguish *Kim* on the basis that it involved a prison sentence, and not a grant of probation. In our view, this is a distinction without a difference.

Appellant relies on *People v. Orabuena* (2004) 116 Cal.App.4th 84 (*Orabuena*) to bolster his claim. In *Orabuena*, the issue was whether the trial court, having granted probation, could dismiss a misdemeanor conviction, for purposes of granting defendant probation under Proposition 36. The reviewing court concluded that in the procedural posture of that case, the trial court could dismiss that conviction. The defendant had admitted a misdemeanor Vehicle Code violation early in the proceedings and was granted probation as to that count, and it was several months later that he pled no contest to two drug charges. However, the Vehicle Code conviction precluded a grant of Proposition 36 probation. (*Id.* at pp. 89-90.) On appeal, defendant argued the trial court had the ability under section 1385 to dismiss the Vehicle Code conviction

and abused its discretion when it did not do so.

*Orabuena* concluded defendant was correct:

> In our view, the fact that the court had suspended imposition of sentence and ordered defendant to probation on the misdemeanor Vehicle Code section 14601 conviction before it ordered defendant to probation on the nonviolent drug offenses does not preclude the court from exercising its authority under section 1385 to dismiss the disqualifying misdemeanor conviction in the furtherance of justice so that defendant may become eligible for sentencing under Proposition 36.

(*Orabuena*, *supra*, 116 Cal.App.4th at p. 98.)

In *Orabuena*, however, the defendant had not completed his probationary term; the order granting probation suspended the imposition of the defendant's sentence. (*Orabuena*, *supra*, 116 Cal.App.4th at p. 97.) *Orabuena* stated:

> "While we do not quarrel with ... *Barraza*, it does not apply to this case since the court had not rendered judgment or sentenced defendant. As noted previously, imposition of sentence ... was suspended and defendant was ordered to probation.... In such cases, no judgment has been entered and no sentence has been imposed. [Citation.]"

(*Ibid.*, fn. omitted.)

The *Orabuena* court held it therefore still had jurisdiction to act. Here, however, appellant's probationary terms expired more than ten years ago. The trial court simply did not have jurisdiction to act under section 1385. Appellant's cases were final more than ten years ago and there is nothing - no on-going action or pending proceeding - which makes his cases subject to section 1385 relief.

To further his jurisdictional arguments, appellant contends that "[j]udgment was never imposed in the instant action[s]. Rather it was suspended." This is an incorrect statement of the

8

law.  "Where, as here, the probationary period expires without revocation, the order granting probation must be considered the final judgment under the provisions of section 1237, subdivision (a) [i.e., the final judgment of conviction]." (*People v. Chandler* (1988) 203 Cal.App.3d 782, 787; see also §§ 1191, 1201; *People v. Ibanez* (1999) 76 Cal.App.4th 537, 543 ["In a criminal case, judgment is rendered when the trial court ... pronounces sentence].)

Appellant next relies on language in *Romero*, *supra*, 13 Cal.4th 497, for the proposition that the literal language of section 1385 does not limit when a court may exercise its discretion to order an action dismissed in the furtherance of justice.  While this is true, the *Romero* court clearly did not contemplate or authorize post-judgment dismissals. First, the issue in *Romero* was whether a court could, on its own motion, strike prior felony conviction allegations in cases arising under the Three Strikes law.  (*Romero*, *supra*, 13 Cal.4th at p. 504.)  It did not consider the trial court's ability to dismiss a conviction after judgment had been entered, sentence had been imposed and served, and the judgment was final. It is axiomatic that a case cannot be considered authority for a proposition it does not consider. (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1176.) Second, *Romero* recognized section 1385 relief did not exist post-judgment, by noting that "it is well established that a court may exercise its power to strike under section 1385 'before, during or after trial,' *up to the time judgment is pronounced*." (*Romero*, *supra*, 13 Cal.4th at p. 524 fn. 11 (emphasis added), citing *People v. Orin, supra,* 13 Cal.3d at p. 945; *People v. Superior Court*

*(Howard)* (1968) 69 Cal.2d 491, 505.) Accordingly, *Romero* provides no support for appellant's position.

## III.

## DISPOSITION

The orders denying appellant's request to dismiss pursuant to section 1385 are affirmed.

Dated this 2nd day of December, 2014

_____
Hon. F. Brian Alvarez
Judge

We Concur:

_____
Hon. Donald S. Black
Presiding Judge, Appellate Division of
the Fresno Superior Court

_____
Hon. W. Kent Hamlin
Judge

10

APPEAL from a judgment of the Fresno Superior Court, Department 95, David Gottlieb, Judge.