Filed 8/17/15  P. v. Bagley CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B259866 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.  BA340527) |
| v. | |
| PATRICIA BAGLEY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Norm Shapiro, Judge.  Affirmed.

Morgan H. Daly, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

In July 2008, appellant Patricia Bagley was charged with felony sale and/or transportation of a controlled substance in violation of Health and Safety Code section 11352, subdivision (a), after undercover police officers observed her sell a small amount of cocaine base.  It was further alleged that she had suffered a 2002 conviction for theft (Pen. Code, § 487, subd. (c)) for purposes of Penal Code section 667.5.

Appellant pled no contest.  The court sentenced her to the low term of three years in prison, suspended execution of the sentence, and placed appellant on probation for a period of three years with the condition that she serve one year in county jail.  Appellant successfully completed probation and, on August 8, 2011, her conviction was dismissed pursuant to Penal Code section 1203.4.

In October 2014, appellant moved to dismiss the conviction under Penal Code section 1385.  The trial court denied the motion, finding it had no power to dismiss the conviction under that provision.  (See *People v. Kim* (2012) 212 Cal.App.4th 117, 124 [trial court's dismissal of defendant's petty theft conviction under section 1385 years after defendant completed his sentence was "void [as] an act in excess of jurisdiction"]; *People v. Espinoza* (2014) 232 Cal.App.4th Supp. 1, 4-9 [relief under section 1385 must be sought while there is still an on-going action, not by postjudgment motion unrelated to any proceeding then pending before the court].)  Appellant noticed an appeal, and a certificate of probable cause was issued.

After examination of the record, appointed appellate counsel filed a brief raising no issues, but asking this court to independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 264.)  On April 16, 2015, we sent a letter to appellant's last known address, advising her that she had 30 days within which to submit by brief

2

or letter any contentions or argument she wished this court to consider.  No response was received.

This court has examined the entire record in accordance with *People v. Wende*, *supra*, 25 Cal.3d at pages 441 to 442, and is satisfied appellant's attorney has fully complied with the responsibilities of counsel, and no arguable issues exist.  Accordingly, we affirm the denial of the motion.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, J.


We concur:


EPSTEIN, P. J.


WILLHITE, J.

3