Filed 2/3/16  P. v. Quang CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>THANH VAN QUANG,<br><br>  Defendant and Appellant. | G049784<br><br>(Super. Ct. No. 12CF3471)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Affirmed in part, reversed in part, and remanded for resentencing.

Christopher Nalls, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Alastair J. Agcaoili, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Thanh Van Quang was convicted of arson of an inhabited structure for setting his motel room on fire. At trial, the evidence established the fire occurred after appellant poured gasoline in the room, but the exact cause of the fire could not be determined. Either appellant intentionally ignited the gasoline with a cigarette lighter, or combustion resulted when the vapors from the gasoline came into contact with the pilot light of the furnace in the room. Appellant contends that under these circumstances the jury should have been required to agree unanimously on the precise factual basis for his conviction. We disagree with that contention. However, as respondent concedes, the trial court erroneously believed it lacked authority to dismiss a sentence enhancement. Therefore, we will reverse appellant's punishment on the enhancement and remand the matter for resentencing. In all other respects, we affirm.

FACTS

On Friday, November 30, 2012, appellant was renting a second-story room at the Pueblo Motel in Santa Ana. Appellant was paid up through the weekend, but that afternoon he got into an argument with motel manager Myung Cha for having unauthorized guests in his room, and Cha told appellant he would have to leave the motel. Appellant got very angry and cursed Cha, but nothing more transpired at that point; appellant's guests left his room, and Cha returned to his office.

A short time later, appellant walked down to the corner gas station and bought a gallon-size gasoline container. He then filled the container with gasoline and took it back to his motel room. For the next twenty minutes, appellant removed clothing from his room and placed it on the walkway in front of his door. Then he reentered the room and closed the door. A minute later, an explosion occurred inside the room, and appellant was blown through the door and onto the walkway. Torched and tattered as he was, appellant gathered himself and headed toward the exit. However, Cha stopped him and called the police. In speaking with investigators, appellant initially blamed the fire on Cha, insisting he had nothing to do with it. However, appellant eventually admitted

2

having gasoline and a cigarette lighter inside his room.  He claimed he had planned on using the gasoline to burn his clothes out in the parking lot.

Captain Brian Young of the Orange County Fire Authority testified regarding the cause of the fire.  He said gasoline vapors were detected on clothing remnants and debris inside the room, indicating gasoline was poured throughout a wide area.  Indeed, appellant would have had to virtually empty his entire gasoline canister to generate the sort of explosion that occurred.  In Young's opinion, there were two possible sources of the fire:  1) The gasoline vapors came into contact with the pilot light of the room's furnace, or 2) the gasoline was ignited by an opened-flame device such as a cigarette lighter.

Appellant was charged with violating Penal Code section 451, which states: "A person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of, any structure, forest land, or property."  For purposes of this section, malice means the intent to do a wrongful act or to "vex, defraud, annoy or injure another person." (Pen. Code, § 450, subd. (e).)  Thus, "'"[a]n intentional act creating an obvious fire hazard . . . done without justification . . . would certainly be malicious."' [Citation.]" (*In re V.V.* (2011) 51 Cal.4th 1020, 1028.)  In fact, to satisfy the mens rea for arson, the evidence need only show the defendant willfully intended to start a fire "under such circumstances that the direct, natural, and highly probable consequences would be the burning of the relevant structure or property.  [Citations.]" (*Id*. at p. 1029.)

That being the case, the prosecutor argued it did not matter whether appellant intentionally started the fire with his cigarette lighter or whether the furnace's pilot light sparked the blaze.  The prosecutor contended appellant was guilty of arson because his intentional act of pouring gasoline throughout the room created a direct, natural and highly probable risk of fire.  Defense counsel did not dispute whether appellant poured gasoline in his motel room.  However, he claimed appellant did not

3

commit arson because he did not light the gasoline on fire or intend for the room to burn. Rather, he simply wanted to burn his clothes out in the parking lot.

The jury returned a general verdict of guilty on the arson count. It was not required to agree unanimously on the precise factual basis for its decision.

## DISCUSSION

### *Failure to Give Unanimity Instruction*

Appellant contends the trial court should have given the jury a unanimity instruction because there were two factually-distinct theories as to how the fire could have started, i.e., the cigarette lighter theory and the pilot light theory. However, we do not believe a unanimity instruction was required in this case.

"In California, a jury verdict in a criminal case must be unanimous. [Citation.] Thus, our Constitution requires that each individual juror be convinced, beyond a reasonable doubt, that the defendant committed the *specific* offense he is charged with. [Citation.] Therefore, when the evidence suggests more than one discrete crime, either: (1) the prosecution must elect among the crimes; or (2) the trial court must instruct the jury that it must unanimously agree that the defendant committed the same criminal act. [Citations.] The unanimity instruction must be given sua sponte, even in the absence of a defense request to give the instruction. [Citations.]" (*People v. Hernandez* (2013) 217 Cal.App.4th 559, 569.)

However, a unanimity instruction is not required simply because the prosecution presents different theories of liability to the jury. As our Supreme Court has explained, "The jury must agree on a 'particular crime' [citation]; it would be unacceptable if some jurors believed the defendant guilty of one crime and other jurors believed [the defendant] guilty of another. But unanimity as to exactly how the crime was committed is not required. Thus, the unanimity instruction is appropriate 'when conviction on a single count could be based on two or more discrete criminal events,' but not 'where multiple theories or acts may form the basis of a guilty verdict on one discrete

4

criminal event.' [Citation.] In deciding whether to give the instruction, the trial court must ask whether (1) there is a risk the jury may divide on two discrete crimes and not agree on any particular crime, or (2) the evidence merely presents the possibility the jury may divide, or be uncertain, as to the exact way the defendant is guilty of a single discrete crime. In the first situation, but not the second, it should give the unanimity instruction." (*People v. Russo* (2001) 25 Cal.4th 1124, 1134-1135.)

Appellant asserts this case involves the first situation. In his view, a unanimity instruction was required because some of the jurors may have believed he poured the gasoline in his room without malice but was guilty of arson for setting the gasoline on fire with his cigarette lighter, while other jurors may have rejected the lighter theory and believed the gasoline pouring itself was indicative of malicious intent. In other words, appellant believes a unanimity instruction was required to ensure the jurors all agreed on which act – the *pouring* of the gasoline or the *lighting* of the gasoline – formed the basis of his culpability.

Appellant's argument makes sense in theory, but the evidence does not support his central premise that some of the jurors may have reasonably believed he lacked malice when he poured the gasoline throughout his motel room. Prior to the pouring, appellant was involved in a heated argument with motel manager Cha. Cha told appellant he would have to vacate his room for violating the guest policy, and appellant was very upset over the situation. As a way of expressing his displeasure, appellant promptly obtained a gallon of gasoline and doused his room with it, which led to the fiery explosion.

Assuming some of the jurors believed appellant started the fire with his lighter, it is unfathomable to think these same jurors could somehow conclude appellant lacked malice when he poured the gasoline moments earlier. The sequence and timing of the events simply does not lend support to the theory that appellant could have lighted but not poured the gasoline with the requisite malicious intent. Rather, the evidence firmly

5

established appellant harbored the requisite intent *at the time he poured the gasoline*. Therefore, it is immaterial whether he started the fire with his lighter or it was caused by the pilot light's exposure to the gasoline vapors. Because the gasoline pouring amounted to a singular criminal act upon which his culpability rested, the trial court did not err in failing to give a unanimity instruction.

*Sentence Enhancement*

The jury found true an enhancement allegation that appellant used an accelerant in committing arson. (Pen. Code, § 451.1, subd. (a)(5).) At sentencing, the trial court was initially inclined to strike punishment for the enhancement. But after the prosecutor reminded the court the enhancement is couched in mandatory terms, the court changed its mind and imposed a three-year enhancement. This shows the court believed it lacked authority to strike punishment for the enhancement.

However, pursuant to Penal Code section 1385, courts have broad authority to strike punishment for an enhancement in the interests of justice, even when the enhancement is otherwise mandatory. (Pen. Code, § 1385, subd. (a), (c).) Because the accelerant enhancement is devoid of language divesting the trial court of such authority, the court possessed the power to strike punishment for the enhancement in this case. (*People v. Wilson* (2002) 95 Cal.App.4th 198, 203.)

The parties are in full agreement on that point. The only dispute is to whether we should carry out the trial court's initial intent to strike punishment for the enhancement or remand the matter for resentencing. In light of the fact Penal Code section 1385 requires the trial court to state its reasons for invoking that section – something the trial court failed do in this case – we believe it is best to remand the matter so the trial court can comply with this mandate. (See *People v. Bonnetta* (2009) 46 Cal.4th 143, 153.)

## DISPOSITION

Appellant's sentence on the Penal Code section 451.1 enhancement is reversed and the matter is remanded for resentencing. In all other respects, the judgment is affirmed.

BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.

7