TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

XAVIER BECERRA
Attorney General

_____

|  |  |  |
| --- | --- | --- |
| OPINION | : | No. 16-301 |
|  | : |  |
| of | : | April 4, 2019 |
|  | : |  |
| XAVIER BECERRA | : |  |
| Attorney General | : |  |
|  | : |  |
| MANUEL M. MEDEIROS | : |  |
| Deputy Attorney General | : |  |
|  | : |  |

_____


THE HONORABLE JOHN M. W. MOORLACH, MEMBER OF THE SENATE, has requested an opinion on the following question:

May a California water district make employer-paid retirement plan or pension contributions on behalf of its governing board members ("directors"), where such plans or pensions are otherwise authorized by the district's enabling statutes, without violating Water Code sections 20201 or 20202 regarding the compensation that water districts may pay to their directors?

CONCLUSION

A California water district may make employer-paid retirement plan or pension contributions on behalf of its directors, where such plans or pensions are otherwise authorized by the district's enabling statutes, without violating Water Code sections 20201 or 20202 regarding the compensation that water districts may pay to their directors.

1

16-301

ANALYSIS

In this opinion, we consider whether California water districts may lawfully make contributions to their directors' retirement plans or pensions. We conclude that they may.

"There are hundreds of water special districts in California, with a great diversity of purposes, governance structures, and financing mechanisms. Some districts are responsible for one type of specific duty, while others provide a wide range of public services. Some are governed by a county board of supervisors or city council while others have their governing boards directly elected by the public."[1]

Water districts can be created either by forming under a general water district act, or by a special act of the Legislature.[2] General acts prescribe the duties, responsibilities, and powers of the given type of district (water supply, sanitation, flood control, etc.), and they apply to all districts of that type throughout the state. On the other hand, a special act's provisions apply only to the particular district that is the subject of the act.

Compensation for water district directors is specified by the enabling statute applicable to the district. Most enabling statutes provide for a director stipend of $100 per day for each day's attendance at a meeting.[3] But some provide for stipends of less

---

[1] Legislative Analyst's Office, *Water Special Districts: A Look at Governance and Public Participation*" (March 2002), available at http://www.lao.ca.gov/2002/water_districts/special_water_districts.html.

[2] Despite the state Constitution's preference for general laws whenever possible (Cal. Const., art. IV, § 16), courts have found it permissible for the Legislature to create water districts by special act where warranted (see *Fairfield-Suisun Sewer Dist. v. Hutcheon* (1956) 139 Cal.App.2d 502, 508-509).

[3] E.g., Gov. Code, § 61047 (Stats. 2005, ch. 249, § 3 [Community Services Districts]); Wat. Code, §§ 21166 (Stats. 1947, ch. 928, § 1, p. 2145 [Irrigation Districts]), 30507 (Stats. 1949, ch. 274, § 1, p. 500 [County Water Districts]), 30507.1 (Stats. 1987, ch. 880, § 1 [Contra Costa Water District]), 34740-34741 (Stats. 1951, ch. 390, § 1, p. 1196 [California Water Districts]), 40355 (Stats. 1951, ch. 391, § 1, p. 1240 [Water Storage Districts]), 60143 (Stats. 1955, ch. 1514, § 1, p. 2766 [Water Replenishment Districts]), 71255 (Stats. 1963, ch. 156, § 1, p. 823 [Municipal Water Districts]), 74208 (Stats. 1965, ch. 75, § 1, p. 961 [Water Conservation Districts]), 81339 (Stats. 2002, ch. 844, § 1 [Bay Area Water Supply and Conservation Agency]), 81632 (Stats. 2002, ch. 849, § 1 [San Francisco Bay Area Regional Water System Financing Authority]); Wat. Code App. (West's), §§ 40-6.5 (Stats. 1982, ch. 992, § 7, p. 3595 [Orange County Water District]), 142-503 (Stats. 2016, ch. 391, § 1 [Kings River East Groundwater Sustainability

than $100 per day;[4] some allow no compensation;[5] some permit the board to set a "just and reasonable" compensation;[6] and some provide for salaries or a combination of stipends and salaries.[7]

We are informed that the Internal Revenue Service deems directors of water district governing boards to be "employees," and that director compensation is therefore subject to Social Security taxation unless the directors are members of a public retirement system.[8] Although water districts may (and do) contract with the California Public Employees Retirement System (CalPERS),[9] members of part-time governing boards such

Agency]), 143-503 (Stats. 2016, ch. 392, § 1 [North Fork Kings Groundwater Sustainability Agency]).

[4] E.g., Wat. Code, §§ 12513 (Stats. 1977, ch. 393, § 2, p. 1388 [Colorado River Board of California]) ($50 per day), 55305 (Stats. 1969, ch. 315, § 1, p. 687 [County Water Works Districts]) ($10 per day); Wat. Code App. (West's), §§ 116-3.11 (Stats. 1973, ch. 1089, § 3.11, p. 2210 [South Delta Water Agency]) ($25 per day), 117-3.11 (Stats. 1973, ch. 1133, § 3.11 [Central Delta Water Agency]) ($25 per day).

[5] E.g., Wat. Code App. (West's) §§ 9-14 (Stats. 1905, ch. 310, § 14, p. 332 [Levee Districts]), 48-16 (Stats. 1945, ch. 1122, § 16, p. 2147 [Riverside County Flood Control and Water Conservation District]), 55-38 (Stats. 1961, ch. 1009, § 1, p. 2690 [Alameda County Flood Control and Water Conservation District]), 65-5 (Stats. 1951, ch. 1657, § 5, p. 3777 [Yolo County Flood Control and Water Conservation District]), 74-6 (Stats. 1955, ch. 1057, § 6, p. 2010 [Santa Barbara County Flood Control and Water Conservation District]), 91-9 (Stats. 1959, ch. 2123, § 9, p. 4987 [Sierra County Flood Control and Water Conservation District]), 92-9 (Stats. 1959, ch. 2127, § 9, p. 5017 [Lassen-Modoc County Flood Control and Water Conservation District]), 109-51 (Stats. 1969, ch. 209, § 51, p. 497 [Metropolitan Water District]).

[6] See, e.g., Wat. Code, §§ 50605 (Stats. 1951, ch. 336, § 1, p. 697, Stats. 1897, ch. 186, p. 239 (Pol. Code, § 3454) [Reclamation Districts]), 70078 (Stats. 1959, ch. 370, § 1, p. 2292 [Levee Districts]); Wat. Code App. (West's), § 120-253 (Stats. 1981, ch. 421, § 1, p. 1619 [Stanislaus County Flood Control District]).

[7] Wat. Code App. (West's) § 1-11 (Levee District No. 1) ($500 per year in quarterly installments); see Wat. Code, §§ 21166 (Irrigation Districts) ($100 per day, $600 per month, or up to $15,00 per year), 22840 (500K acre Irrigation Districts) (annual salary up to that of an Imperial County supervisor).

[8] See Internal Revenue Service, *Classification of Elected and Appointed Officials,* https://www.irs.gov/government-entities/federal-state-local-governments/classification-of-elected-and-appointed-officials; see also 26 U.S.C. § 3212(b)(7)(F).

[9] See Gov. Code, § 20460 ("Public Agency Participation" in CalPERS); see also *id.,*

3

as water district boards are specifically excluded from membership in CalPERS if they were elected to office on or after July 1, 1994.[10] However, for purposes of the Social Security tax laws, a qualifying "public retirement system" could be an agency-provided plan such as a 457(b) plan or a 401(a) plan[11] (hereafter referred to collectively as an alternative retirement plan or "ARP"), if that plan provides for a contribution to the employee's account of at least 7.5 percent of the employee's compensation—part of which contribution may be provided by the employer.[12]

Many enabling statutes also authorize water districts to establish and contribute to retirement plans or pensions for officers and employees,[13] and we are told that some

---

§ 20056 ("public agency" includes districts).

[10] Gov. Code, § 20322, subd. (c). Unelected employees of a district may be members of CalPERS.

[11] See 26 C.F.R. § 31.3121(b)(7)-2(e).

[12] See 26 C.F.R. § 31.3121(b)(7)-2(e)(iii); cf. Gov. Code, § 19999.2 (establishing state deferred compensation plan to satisfy 26 U.S.C. § 3212(b)(7)(F) for state employees who are not members of CalPERS).

[13] See, e.g., Wat. Code, §§ 22140, 22141 (Stats. 1965, ch. 726, § 1, p. 2128 [Irrigation Districts]), 31008 (Stats. 1953, ch. 1375, § 1, p. 2954 [County Water Districts]), 71593, 71594 (Stats. 1963, ch. 156, § 1 [Municipal Water Districts]); Wat. Code App. (West's), §§ 97-13, ¶ 6 (Stats. 1959, ch. 2146, § 13, p. 5132 [Mojave Water Agency]), 98-61, ¶ 12 (Stats. 1959, ch. 2146, § 61, p. 5153 [Antelope Valley-East Kern Water Agency]); 100-15, ¶ 16 (Stats. 1961, ch. 1069, § 15, p. 2762 [Desert Water Agency]), 101-15, ¶ (p) (Stats. 1961, ch. 1435, § 15, p. 3246 [San Gorgonio Pass Water Agency]), 104-11, ¶ 16 (Stats. 1962, 1st Ex. Sess, ch. 40, § 11 p. 291 [Crestline-Lake Arrowhead Water Agency]), 109-76 (Stats. 1969, ch. 441, § 22, p. 975 [Metropolitan Water District]), 112-15, ¶ 11 (Stats. 1969, ch. 1175, § 15, p. 2276 [Bighorn-Desert View Water Agency]); 114-124 (Stats. 1971, ch. 1560, § 124, p. 3095 [Tahoe-Truckee Sanitation Agency]), 118-264 (Stats. 1977, ch. 527, § 264, p. 1685 [Monterey Peninsula Water Management District]).

Not all water-district enabling statutes *expressly* authorize the provision of retirement contributions for "directors"; some authorize retirement contributions for "officers and employees," without clearly identifying directors as officers. Members of governing boards of public districts or entities are commonly regarded as elected or appointed public officers (see, e.g., 90 Ops.Cal.Atty.Gen. 24, 26 (2007); 69 Ops.Cal.Atty.Gen. 126, 128 (1986); Bus & Prof. Code, § 16204). For purposes of this analysis, we assume that when an enabling statute uses the phrase "officers and employees" in connection with retirement contributions, it includes "directors."

4

water districts have established ARPs and are making contributions to those plans for the benefit of their governing board members in order to satisfy the 7.5 percent requirement mentioned above.

In this opinion, we analyze the proposition that two statutes in the Water Code (sections 20201 and 20202) generally forbid water district employer contributions, by limiting director compensation to a stipend of $100 per meeting (except as it may be periodically increased by an ordinance subject to voter referendum). We conclude that sections 20201 and 20202 do not restrict the scope of compensation available to district directors. Instead, we believe that the statutes' purpose is to empower water districts that pay directors a minimal daily stipend to increase the stipend level without need of further legislation.

Our analysis starts with an examination of the statutes at issue. In pertinent part, Water Code section 20201 provides:

> Notwithstanding any other provision of law, the governing board of any water district[14] may, by ordinance adopted pursuant to this chapter,

---

[14] The term "water district," for purposes of section 20201, is defined broadly by Water Code section 20200 to mean "any district or other political subdivision, other than a city or county, a primary function of which is the irrigation, reclamation, or drainage of land or the diversion, storage, management, or distribution of water primarily for domestic, municipal, agricultural, industrial, recreation, fish and wildlife enhancement, flood control, or power production purposes. 'Water districts' include, but are not limited to, irrigation districts, county water districts, California water districts, water storage districts, reclamation districts, county waterworks districts, drainage districts, water replenishment districts, levee districts, municipal water districts, water conservation districts, community services districts, water management districts, flood control districts, flood control and floodwater conservation districts, flood control and water conservation districts, water management agencies, water agencies, and public utility districts formed pursuant to Division 7 (commencing with Section 15501) of the Public Utilities Code." (Wat. Code, § 20200.) This sweeping definition applies only to chapter 2 of division 10 of the Water Code, as evidenced by the introductory limitation, "As used in this chapter." (See *Alcala v. City of Corcoran* (2007) 147 Cal.App.4th 666, 670 (term's definition "is expressly limited to the article in which it appears"; "it does not pretend to define the term for use in all statutes"); *Howard Jarvis Taxpayers Assn. v. City of San Diego* (1999) 72 Cal.App.4th 230, 236 (phrase "as used in this article" restricts the field of application); 66 Ops.Cal.Atty.Gen. 40, 47 (1983); 64 Ops.Cal.Atty.Gen. 317, 323 (1981) Accordingly, the term "water district" may elsewhere have a more restrictive meaning. (See, e.g., Health & Saf. Code, § 116286; Sts. & Hy. Code, § 830; Wat. Code App. (West's), § 134-

provide compensation to members of the governing board, unless any compensation is prohibited by its principal act, in an amount not to exceed one hundred dollars ($100) per day for each day's attendance at meetings of the board, or for each day's service rendered as a member of the board by request of the board, and may, by ordinance adopted pursuant to this chapter, in accordance with Section 20202, increase the compensation received by members of the governing board above the amount of one hundred dollars ($100) per day.

It is the intent of the Legislature that any future increase in compensation received by members of the governing board of a water district be authorized by an ordinance adopted pursuant to this chapter and not by act of the Legislature. [15]

Water Code section 20202, in turn, provides:

In any ordinance adopted pursuant to this chapter to increase the amount of compensation which may be received by members of the governing board of a water district above the amount of one hundred dollars ($100) per day, the increase may not exceed an amount equal to 5 percent, for each calendar year following the operative date of the last adjustment, of the compensation which is received when the ordinance is adopted.

No ordinance adopted pursuant to this chapter shall authorize compensation for more than a total of 10 days in any calendar month.[16]

Section 20201 begins with sweeping words of supersession: "Notwithstanding any other provision of law."[17] At first blush, then, section 20201 could be read to

315.)

[15] Wat. Code, § 20201.

[16] Wat. Code, § 20202.

[17] See *People v. Palacios* (2007) 41 Cal.4th 720, 729 (the "broad and unambiguous scope of 'notwithstanding any other provision of law' overrides application" of inconsistent statute); *Apartment Ass'n of Los Angeles County, Inc. v. City of Los Angeles* (2009) 173 Cal.App.4th 13, 26 (phrase is a "term of art" that overrides other code sections unless specifically modified by use of a term applying it only to a particular code section or phrase); 73 Ops.Cal.Atty.Gen. 296, 299 (1990) (phrase amounts to "words of supersession with respect to any inconsistent provision").

sweepingly supplant the myriad enabling statutes that provide for water district director compensation. Under such a reading, for example, section 20201 would seem to divest many water districts of their otherwise authorized discretion to set a "just and reasonable" compensation, or to provide for monthly salaries, despite specific statutory authority for some districts to do so.

But we must read sections 20201 and 20202 "with reference to the entire scheme of law of which they are part, so that the whole may be harmonized and retain effectiveness."[18] We may not lightly infer sweeping implied repeals. An implied repeal of a statute is generally disfavored, and we will not construe section 20201 impliedly to repeal other statutes unless it is clear that this was the Legislature's intent.[19] And even the introductory phrase, "Notwithstanding any other provision of law," without any other indicia of legislative intent, is not necessarily determinative of supersession.[20]

We may look to legislative history to discern the Legislature's intent here.[21] In it, we find that sections 20201 and 20202 were not intended to impose a strict limit on director compensation. Rather, the statutes were intended to supplement, not supplant, the enabling statutes, and to allow water districts to increase daily stipends without additional legislative authorization.

Before these sections were enacted, those water districts whose enabling statutes tied director compensation to a limited daily stipend had no administrative mechanism for increasing the stipend. Yet the Legislature was hesitant to be making stipend-adjustment decisions for special districts, seeing this as a matter more appropriately left to local control. Accordingly, in the early 1980s, "[t]ired of successive bills, the Legislature

---

[18] *Smith v. Superior Court* (2006) 39 Cal.4th 77, 83; *People v. Ledesma* (1997) 16 Cal.4th 90, 95, citation omitted; 96 Ops.Cal.Atty.Gen. 54, 56 (2013); 95 Ops.Cal.Atty.Gen. 89, 95 (2012).

[19] See *Williams v. Superior Court* (2014) 230 Cal.App.4th 636, 658; 99 Ops.Cal.Atty.Gen. 56, 59-60 & fn. 19 (2016).

[20] See, e.g., *Citizens for Ceres v. Superior Court* (2013) 217 Cal.App.4th 889, 913; *Gonzalez v. Department of Corrections and Rehabilitation* (2011) 195 Cal.App.4th 89, 94-96; *People v. Wilson* (2002) 95 Cal.App.4th 198, 202; see also *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 (court will determine whether statute's literal meaning comports with its purpose).

[21] See, e.g., *Voices of the Wetlands v. State Water Resources Control Bd.* (2011) 52 Cal.4th 499, 526-527; 73 Ops.Cal.Atty.Gen. 330, 333 (1990); see also *Gonzalez v. Department of Corrections and Rehabilitation, supra,* 195 Cal.App.4th at pp. 94-96.

7

allowed water districts to increase their board members' stipends above $100 a meeting, provided that a governing board boosted its pay by referendable ordinance."[22]

In 1984 the Legislature enacted Senate Bill 1370, the first of two bills to address the problem. Legislative Counsel's Digest explained:

> Under existing law, various water district acts contain limitations on the amount of compensation which may be received by each member of the governing board of a water district organized under the act.
>
> . . .
>
> This bill would authorize the governing board of any water district . . . which is authorized under its principal act to [receive] compensation in the amount of $100 or more per day to increase, by ordinance, the amount of that compensation, subject to prescribed limitations, and subject to a prescribed right of the voters of the district to petition for a referendum of the ordinance.[23]

As enacted, SB 1370 empowered water districts paying a stipend of $100 or more per day to increase the stipend, subject to referendum.[24] In 1988, sections 20201 and

---

[22] Sen. Local Gov. Comm., Analysis of Assem. Bill No. 490 (2007-2008 Reg. Sess.), p. 1.

[23] See Sen. Bill No. 1370 (1983-1984 Reg. Sess.) as amended Feb. 28, 1984, Legislative Counsel's Digest. We may properly rely on Legislative Counsel's Digest as authoritative evidence of legislative intent. (*Mt. Hawley Ins. Co. v. Lopez* (2013) 215 Cal.App.4th 1385, 1401; *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2005) 133 Cal.App.4th 26, 35; see also *Pollack v. Department of Motor Vehicles* (1985) 38 Cal.3d 367, 376-377 [legislative amendments presumed to have "intent and meaning expressed in the Legislative Counsel's Digest"]; 80 Ops.Cal.Atty.Gen. 297, 303 (1997); 77 Ops.Cal.Atty.Gen. 227, 230 (1994).)

[24] Sections 20201 and 20202, as enacted by SB 1370, provided:

20201. Notwithstanding any other provision of law, the governing board of any water district which is authorized under its principal act to provide compensation to members of the governing board in the amount of one hundred dollars ($100) or more per day for each day's attendance at meetings of the board, or for each day's service rendered as a member of the board by request of the board, may, by ordinance adopted pursuant to this chapter, increase the compensation received by members of the governing board above

20202 were amended by Assembly Bill 3088 to read as they do today.[25]  Again, the intent of the  measure was to expand the law's coverage, this time to include all water districts authorized to pay directors *any* amount of compensation. [26]

The historical materials show that sections 20201 and 20202 are designed to relieve the Legislature from endlessly revisiting the issue of daily stipends, and to empower water districts to increase stipends in an incremental and accountable manner. We find nothing to suggest an intent to generally preempt water district enabling statutes in the area of director compensation.[27] More particularly, nothing in the legislative

---

the amount of one hundred dollars ($100) or more per day.

It is the intent of the Legislature that any future increase in compensation received by members of the governing board of a water district above that amount be authorized by an ordinance adopted pursuant to this chapter and not by an act of the Legislature.

20202.  In any ordinance adopted pursuant to this chapter to increase the amount of compensation which may be received by members of the governing board of a water district, the increase may not exceed an amount equal to 5 percent, for each calendar year following the operative date of the last adjustment, of the compensation which is received when the ordinance is adopted.

No ordinance adopted pursuant to this chapter shall authorize compensation for more than a total of six days in any calendar month.

Stats. 1984, ch. 186, § 1.

[25] See Stats. 1988, ch. 397, § 1.

[26] The Assembly Committee on Local Government reported:

Current law allows water districts which are authorized to compensate their board members at the rate of $100 or more per day to increase the compensation by referendable ordinance at a noticed public protest hearing without further authorization by the Legislature.  Such increases are limited to five percent per calendar year.

This bill would extend this authorization to those water districts whose board members are compensated at less than $100 per day.

Assem. Com on Local Gov., Analysis of Assem. Bill No. 3088 (1987-1988 Reg. Sess.) as amended March 10, 1988, p. 1; see also Sen. Rules Com., Analysis of Assem. Bill No. 3088 (1987-1988 Reg. Sess.) as amended May 27, 1988, p. 1.

[27] We note, for example, that several years after enactment and amendment of Water

16-301

history suggests that the Legislature intended by sections 20201 and 20202 to nullify authorizations in water district enabling statutes that permit retirement contributions for the benefit of directors.

We conclude that sections 20201 and 20202 do not preclude a California water district from contributing to retirement plans or pensions on behalf of its directors, where such plans or pensions are otherwise authorized by the district's enabling statutes. [28]

\*\*\*\*\*

---

Code section 20201, sections 50605 and 70078 were each amended without change to the existing language permitting payment of a "just and reasonable" compensation. (See Stats. 2005, ch. 700, §§ 34, 38.) This is some evidence of the Legislature's belief that this grant of discretion to pay a "just and reasonable" compensation remained "good law" notwithstanding enactment of section 20201. (Cf. *Department of Corrections and Rehabilitation v. Workers' Comp. Appeals Bd.* (2008) 166 Cal.App.4th 911, 914-915.)

[28] The requester also asked us, if employer contributions to directors' retirement plans were unlawful, whether directors would be obligated to reimburse improper contributions and what statute of limitations would apply to reimbursement. Our answer to the present question makes it unnecessary for us to address those additional questions.