Filed 5/24/21  P. v. Marshall CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>DAVID MARSHALL,<br><br>　　Defendant and Appellant. | 2d Crim. No. B305530<br>(Super. Ct. No. 1026041)<br>(Santa Barbara County) |

　　　　The trial court granted David Marshall's petition for resentencing under Penal Code section 1170.126[1], and reduced the sentence imposed for his 2001 conviction of assault by means likely to produce great bodily injury (count 3, § 245, subd. (a)(1)), from 25 years to life to 8 years.  In the same 2001 judgment, appellant was convicted of attempted mayhem (count 1, §§ 203/664), and assault with intent to commit mayhem.  (Count 2, § 220.)  He was a third-strike offender and the sentence imposed on

_____

[1] All further statutory references are to the Penal Code unless otherwise stated.

count 2 included four consecutive five-year enhancement terms based on appellant's prior serious felony convictions. (§ 667, subd. (a).) When it resentenced appellant on count 3, the trial court did not consider modifying any aspect of the sentence imposed on counts 1 and 2. Appellant contends this was error because the trial court had discretion under the full resentencing rule to consider dismissing his prior strikes and the five-year prior serious felony conviction enhancements. We affirm.

Procedural History

In 2001, David Marshall was convicted, by jury, on count 1 of attempted mayhem (§§ 203/664), on count 2 of assault with intent to commit mayhem (§ 220), and on count 3 of assault by means likely to produce great bodily injury. (§ 245, subd. (a)(1).) He was sentenced as a third-strike offender on count 2 to an indeterminate term of 25 years to life, plus four consecutive five-year enhancement terms for his prior serious felony convictions (§ 667, subd. (a)), plus a one-year prior prison term enhancement. (§ 667.5, subd. (b).) On count 1, the trial court imposed and stayed an indeterminate life term. (§ 664.) On count 3, it imposed a concurrent term of 25 years to life. We modified the judgment to grant an additional custody credit and affirmed. (*People v. Marshall* (Jan. 15, 2003, B154776) [nonpub. opn.].)

In 2018, appellant petitioned for resentencing under § 1170.126 in *People v. Marshall* (Dec. 19, 2018, B292080) [nonpub. opn.] (B292080). The trial court denied the petition because appellant's life sentence was imposed for a serious or violent felony. We concluded, "Although appellant is serving a life sentence for assault with intent to commit mayhem (a serious felony; § 1192.7, subd. (c)(29)), appellant may petition for

2

resentencing on the life term for assault with intent to produce great bodily injury (a non-serious felony). (§ 1170.126, subd. (e)(1).)" (B292080, pp. 3-4.) We reversed with directions to determine appellant's eligibility for resentencing, whether he poses an unreasonable risk of danger to public safety, and whether there was good cause for the late filing of the petition. (*Ibid*.; § 1170.126, subd. (b), (f).) In 2020, the trial court did just that. After concluding appellant was otherwise eligible for resentencing, the trial court recalled his sentence on count 3 and resentenced him to a term of 8 years on that count.

Discussion

Appellant contends the trial court misunderstood its discretion under section 1385 to dismiss strikes and sentence enhancements imposed on counts 1 and 2 in furtherance of justice. We conclude appellant forfeited this contention because he did not raise it in the trial court. (*People v. Carmony* (2004) 33 Cal.4th 367, 375-376 ["any failure on the part of a defendant to invite the court to dismiss under section 1385 . . . waives or forfeits his or her right to raise the issue on appeal"].)

Appellant contends he did not forfeit review of this issue because raising it in the trial court would have been futile. He notes that our prior opinion stated, "The conviction for assault with intent to commit mayhem is a serious felony, which renders appellant ineligible for resentencing on that count." (B292080, p. 3.) But our prior opinion said nothing about the full resentencing rule on which appellant relies. We did not foreclose the trial court from considering the claim that the full resentencing rule authorized the trial court to consider resentencing appellant on the other counts included in the same judgment. At least one published opinion considered the rule's

3

application in this context nearly four years before the hearing on appellant's petition for resentencing.  (*People v. Garner* (2016) 244 Cal.App.4th 1113 (*Garner*).)

Even if the contention had not been forfeited, we would reject it.  Under the circumstances presented here, the full resentencing rule did not authorize the trial court to reconsider discretionary sentencing choices on counts that are not eligible for resentencing under § 1170.126.[2]

Section 1170.126, "requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis.  So interpreted, an inmate may obtain resentencing with respect to a Three Strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third strike sentence of 25 years to life."  (*People v. Johnson* (2015) 61 Cal.4th 674, 688 (*Johnson*).)

Appellant benefits from *Johnson*'s count-by-count approach because it means he is eligible for resentencing on one of his current offenses, but not on the other two.  The strikes and sentence enhancements at issue here were attached to the two

---

[2] Our Supreme Court has granted review in two cases raising related issues.  In *People v. Padilla* (2020) 50 Cal.App.5th 244, review granted Aug. 26, 2020, S263375, the court granted review question whether, "When a judgment becomes final, but is later vacated, altered, or amended and a new sentence imposed, is the case no longer final for the purpose of applying an intervening ameliorative change in the law?"  *People v. Federico* (2020) 50 Cal.App.5th 318, review granted Aug. 26, 2020, S263082, concerns whether a defendant's resentencing pursuant to § 1170, subdivision (d)(1) "'reopens'" the finality of his sentence, "such that he was entitled to the retroactive application of Proposition 57 and Senate Bill No. 1391 on an otherwise long-final conviction[.]"

4

counts that are not eligible for resentencing. None of those strikes or enhancements was premised on appellant's conviction of, or sentencing on the count 3, the section 1170.126-eligible count.

In *Garner*, the defendant originally pleaded no contest to a charge of receiving stolen property (§ 496, subd. (a)), and admitted three prior prison terms and four prior strike convictions. (*Garner, supra*, 244 Cal.App.4th at p. 1115.) At his original sentencing, the trial court struck one of the strikes, imposed a third-strike sentence of 25 years to life on the receiving stolen property offense, and struck all three of the prior prison term enhancements. (*Id.* at pp. 1115-1116.) After determining the defendant was eligible for resentencing under section 1170.126, the trial court imposed the upper base term of three years for the substantive offense, doubled it to six years under the three strikes law, and then added consecutive one-year terms for each of the defendant's prior prison terms. (*Garner, supra*, at pp. 1116-1117.)

The court of appeal affirmed, reasoning "'When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices. [Citations.] This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme.'" (*Garner, supra*, 244 Cal.App.4th at p. 1118, quoting *People v. Hill* (1986) 185 Cal.App.3d 831, 834.) Because the defendant's sentence had been recalled under section 1170.126, the trial court had authority to change both the term

5

imposed for the base term offense and the terms imposed for sentence enhancements attached to that same offense.

Our Supreme Court cited *Garner* with approval in *People v. Buycks* (2018) 5 Cal.5th 857, 894 (*Buycks*), as it explained the full resentencing rule. "[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'" (*Id.* at p. 893.)

In *Buycks*, the court considered the application of this rule to cases arising under Proposition 47, which reclassified certain felonies as misdemeanors and permitted "those currently serving sentences for Proposition 47 eligible felony convictions to petition to have their sentences recalled and be 'resentenced to a misdemeanor.' [Citation.]" (*Buycks*, *supra*, 5 Cal.5th at p. 871.) Our Supreme Court concluded that, when a defendant is resentenced for a Proposition 47 eligible felony conviction, the trial court "must reevaluate the applicability of any enhancement within the same judgment *at that time*, so long as that enhancement was predicated on a felony conviction now reduced to a misdemeanor." (*Id.* at p. 894.) A felony conviction reduced to a misdemeanor cannot serve as the predicate for a prior felony conviction enhancement because it is no longer a felony. (§ 1170.18, subd. (k).) "Under these limited circumstances, a defendant may also challenge any prison prior enhancement in that judgment if the underlying felony has been reduced to a misdemeanor under Proposition 47, notwithstanding the finality of that judgment." (*Buycks*, *supra*, at p. 895.)

*People v. Hubbard* (2018) 27 Cal.App.5th 9 (*Hubbard*), cited *Buycks* and applied the full resentencing rule in

6

a case under section 1170.126. There, the defendant was eligible for resentencing on one of his current convictions, but not the other. His original sentence included enhancements for five prior strikes (§ 667, subd. (b)-(i)) and two prior prison terms. (§ 667.5, subd. (b).) After the trial court resentenced him on the eligible count, leaving all of the sentence enhancements intact, the defendant appealed. He contended, "the trial court should have considered 'all aspects' of his sentence during the resentencing hearing," including whether to exercise its discretion under section 1385, whether concurrent sentences were appropriate and whether section 654 applied. (*Hubbard, supra*, at p. 12.) The court of appeal agreed. "Even though defendant's eligibility for resentencing was based solely on the reckless evasion conviction, . . . the trial court was 'entitled to consider the entire sentencing scheme.'" (*Id.* at p. 13.)

Appellant relies on *Hubbard* in contending the trial court should have considered dismissing the enhancements imposed on counts 1 and 2, even though those counts are not eligible for resentencing under section 1170.126. We are not convinced.

In construing section 1170.126, we apply well-established principles of statutory construction. ""The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law.'" [Citation.] We begin with the language of the statute, to which we give its ordinary meaning and construe in the context of the statutory scheme." (*Johnson, supra*, 61 Cal.4th at p. 682.) "To that end, we generally must 'accord[] significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose,' and have warned that '[a] construction

7

making some words surplusage is to be avoided.' [Citation.]" (*People v. Valencia* (2017) 3 Cal.5th 347, 357.)

Section 1170.126, subdivision (e)(1) provides an inmate is eligible for resentencing if "[t]he inmate is serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] for a conviction of a felony or felonies that are not defined as serious and/or violent . . . ." An inmate is excluded from resentencing if the inmate's current offenses include specified drug offenses or sex offenses, the use of a firearm, or an intent to cause great bodily injury. (§1170.126, subd. (e)(2).) An inmate is also excluded from resentencing if the inmate's prior convictions include certain sex offenses, any homicide or attempted homicide offense and other enumerated violent felonies. (§ 1170.126, subd. (e)(3).)

Section 1170.126 expresses the intent of the drafters of the legislation and voters who enacted Proposition 36 to limit resentencing to persons whose current conviction is for an offense that falls within the scope of subdivision (e)(1) and is not excluded under subdivision (e)(2). Because eligibility for resentencing is determined on a count-by-count basis (*Johnson*, *supra*, 61 Cal.4th at pp. 687-688), there will be persons like appellant, who are eligible for resentencing on one current conviction but not another. Nothing in section 1170.126 indicates the lawmakers intended for this circumstance to trigger resentencing on ineligible or excluded current convictions. Applying the full resentencing rule as appellant suggests would render subdivisions (e)(1) and (e)(2) of section 1170.126 surplusage because it would permit resentencing on convictions the statute declares ineligible or excluded.

8

*Buycks* is not to the contrary. There, the Supreme Court held that, when the status of a conviction changes from felony to misdemeanor, that conviction can no longer serve as the predicate for a sentence enhancement based on its status as a felony. If there are enhancement terms imposed on other counts included in the same judgment that rely on the felony status of the newly-reclassified offense, the trial court must reevaluate those enhancement terms. (*Buycks*, *supra*, 5 Cal.5th at pp. 894-895.)

Here, recalling the sentence on appellant's Proposition 36-eligible conviction did not alter its status as a felony. The eligible felony conviction also did not serve as the basis for any of the strikes or prior prison term enhancements imposed on appellant's ineligible convictions at his original sentencing. *Buycks* does not require the trial court to revisit the sentences imposed on appellant's ineligible felonies.

"[T]he full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425.) Before its amendment in 2019, section 667, subdivision (a) imposed a mandatory five-year sentence enhancement for each qualifying prior serious felony conviction suffered by a defendant. Trial courts had no authority under section 1385 to strike these enhancements in furtherance of justice. (See, e.g., *People v Fuentes* (2016) 1 Cal.5th 218, 230-231; *People v. Wilson* (2002) 95 Cal.App.4th 198, 201.) Thus, at appellant's original sentencing, the trial court lacked discretion to strike the five-year prior conviction enhancements. Recalling his sentence on one count under section 1170.126 did not expand the trial court's discretion

9

to strike mandatory enhancements imposed on other, ineligible counts.

Hubbard and Garner are distinguishable for this reason. In both of those cases, the trial courts recalled a sentence and then exercised discretionary sentencing choices that would have been available at the original sentencing hearing. (*Hubbard*, *supra*, 27 Cal.App.5th at p. 11; *Garner*, *supra*, 244 Cal.App.4th at pp. 1115-1116.) Here, by contrast, the trial court lacked discretion at appellant's original sentencing to strike the five-year prior conviction enhancements. *Hubbard* and *Garner* do not support the exercise of sentencing authority that was unavailable to the trial court at the time of the original sentence.

Appellant was eligible for resentencing under section 1170.126 on one of his three current convictions. The trial court had discretion to revisit all sentencing choices made with respect to the eligible conviction. Resentencing on that conviction did not alter sentence enhancements imposed on appellant's other, ineligible convictions. Under these circumstances, the full resentencing rule did not authorize the trial court to reconsider sentences imposed on the ineligible convictions.

<u>Conclusion</u>

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

10

Timothy J. Staffel, Judge

Superior Court County of Santa Barbara

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.